204 So.2d 531 (1967)
George Thomas BAILEY, III, Appellant,
v.
Mabel Moon BAILEY, Appellee.
Nos. 67-127-67-129.
District Court of Appeal of Florida. Third District.
November 28, 1967.
Spencer & Taylor, Miami, for appellant.
David D. Phillips, James T. Gordon and Gerald L. Bedford, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and SPAET, HAROLD B., Associate Judge.
PER CURIAM.
The above numbered appeals have been consolidated for all appellate purposes.
In this matrimonial cause, the 1960 divorce decree between the parties was remanded by this court because the chancellor had divested the husband of his interest in the marital home and in addition had awarded the wife alimony in installment payments. Bailey v. Bailey, Fla.App., 126 So.2d 165.
Upon remand the trial court was instructed to make "such order as may appear appropriate to the chancellor to assure the upkeep of the property by the husband."
Pursuant to the remand, the court entered a "Decree on Mandate" on June 29, 1961, wherein it ordered each party to pay one-half of the taxes and a repair bill on the property.
*532 Thereafter, defendant wife moved to modify decree on the ground that the same did not comply with the opinion and mandate of this court. This motion was resisted by the plaintiff husband who contended that the decree after remand did comply with rulings of this court.
On February 28, 1963, by order, the circuit judge reaffirmed his position that the plaintiff husband should be obligated for one-half, only, of the taxes, insurance and repairs.
No appeal was taken from the said order or from the Decree on Mandate.
On June 29, 1966 the defendant wife filed a petition for Rule to Show Cause alleging among other things a failure to make repairs to the marital home and the successor circuit judge ordered the repairs made to be borne entirely by the husband. The successor judge indicated that the prior decree (June 29, 1961) and order reaffirming same (February 28, 1963) had not correctly interpreted and carried out the mandate of this court.
We reverse. The courts of this state have repeatedly held that a successor judge cannot review, modify or reverse, upon the merits, on the same facts, the final orders of his predecessor, absent mistake or fraud. Lawyers Co-Op Pub. Co. v. Williams, 149 Fla. 390, 5 So.2d 871; Groover et ux. v. Walker, Fla., 88 So.2d 312; Epperson v. Epperson, Fla., 101 So.2d 367.
The reason for the rule is well stated by the Supreme Court in Epperson v. Epperson, 101 So.2d 367 at p. 369:
"As pointed out by the Supreme Court of Rhode Island in Payne v. Superior Court for Providence County, 1951, 78 R.I. 177, 80 A.2d 159, 163, 82 A.2d 167, the rule (which it related to the law of the case) `is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function.'"
Nor can the appellee-wife find solace in the reservation of jurisdiction contained in the Decree on Mandate. Such reservation has a well defined and accepted meaning. It applies to future factual situations, and not to retroactive reappraisals of prior pronouncements.
The question of the amount awarded for defendant-wife's attorneys' fee was one peculiarly within the knowledge and discretion of the judge below, and is affirmed.
The cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part, reversed in part and remanded.