279 So.2d 94 (1973)
Alex BALFE, Appellant,
v.
GULF OIL COMPANY-LATIN AMERICA, Appellee.
No. 72-411.
District Court of Appeal of Florida, Third District.
June 12, 1973.
Edward C. Vining, Jr., and R.M. MacArthur, Miami, for appellant.
Nicholson, Howard, Brawner & Lovett and Robert A. Freyer, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of an adverse final summary judgment entered in favor of plaintiff-appellee.
Appellee, Gulf Oil Company-Latin American (GOCLA), contracted with Dade Drydock Corporation for the construction of a tanker. As the vessel neared completion, Dade Drydock became financially distressed. Defendant-appellant, Alex Balfe, as president of Dade Drydock Corporation, entered into a written agreement dated November 6, 1970 whereby appellee agreed to loan up to a maximum of $300,000 to or on behalf of Dade Drydock for the completion of the tanker. The agreement further provided that the loan was to be evidenced by a promissory note. In addition, appellant, pursuant to the November 6 agreement, individually and unconditionally signed a written guarantee to pay appellee GOCLA all sums with respect to Dade Drydock's promissory note. Thereafter, appellee made up to $300,000 in payments to various people in behalf of Dade Drydock, which on December 4, 1970 executed a demand promissory note in favor of GOCLA in the same amount. Despite written demands by appellee on Dade Drydock and appellant, no payments were received. Subsequently, plaintiff GOCLA filed suit on the guaranty made by defendant Balfe. Plaintiff-appellee moved for summary judgment and *95 defendant moved to strike the motion and notice thereon. Judge Cullen granted defendant's motion to strike notice to satisfy the requirement of RCP 1.510, 31 F.S.A., and then re-set at a later date a hearing on the motion for summary judgment. Thereafter, Judge Cullen became incapacitated and the motion was heard before Judge Wehle, a visiting judge, who entered the summary final judgment. Appellant then filed a petition for rehearing, which over his objection was set down for hearing before Judge Balaban who denied the petition.
On appeal, one of appellant's contentions is that Judge Balaban was not empowered over appellant's objections to hear and deny appellant's petition for rehearing. We find merit in this argument.
It is well established in Florida that a successor judge cannot review, modify or reverse, upon the merits on the same facts, the final orders of his predecessor in the absence of mistake or fraud. See 18A Fla.Jur. Judges § 21 and cases cited therein. In the case sub judice, there being no showing of mistake or fraud, the appellant's petition for rehearing should have been heard by the judge who entered the summary judgment rather than by a judge who did not hear the case.
Therefore, for the purpose of disposing of the petition for rehearing filed below, this court will relinquish jurisdiction and remand the case for Judge Wehle to consider and rule on the petition for rehearing, with or without oral argument thereon as the judge shall choose. Promptly after an order is made on the petition for rehearing as herein provided for, counsel for the appellant shall file herein a certified copy of such order. For the reasons stated hereinabove the order entered by Judge Balaban on the petition for rehearing is set aside. Further proceedings taken by this court on this appeal shall be as indicated or required dependent upon the order which shall be made on the petition for rehearing.
It is so ordered.