288 So.2d 526 (1974)
Tom DEEMER, Appellant,
v.
HALLETT PONTIAC, INC., a Florida Corporation, and General Motors Corporation, a Foreign Corporation, Appellees.
No. 73-911.
District Court of Appeal of Florida, Third District.
January 15, 1974.
Rehearing Denied February 12, 1974.
Robert M. Bader and Henry Laffer, Miami, for appellant.
Quinton, Leib & Lummus, Shutts & Bowen, and Richard M. Leslie, Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant takes this interlocutory appeal to review an order granting defendants' motion to compel plaintiff to make an election of remedies.
Plaintiff, Tom Deemer, filed a complaint against defendants, Hallett Pontiac and General Motors, for damages, cancellation, rescission and declaratory relief, including separate counts for breach of implied and express warranties arising out of the sale of an automobile. By order of March 14, 1973, Judge Turner denied the motion to dismiss of the defendant General Motors, but ordered plaintiff to make an election of *527 remedies at the time the issue was at cause and ready for trial. On April 19, 1973 Judge Turner suspended himself and Judge Balaban was substituted. Thereafter, plaintiff requested the cause be set for trial and on April 25, 1973 Judge Balaban issued his order setting the cause for trial. Thereupon, defendant General Motors moved to compel plaintiff to make an election of remedies in accordance with the prior order of March 14, 1973. The parties were given until June 1, 1973 to submit memoranda of law thereon. In response, plaintiff filed a motion to set aside the March 14 order and a motion for pretrial conference. Although feeling that Judge Turner's order was incorrect, Judge Balaban on July 2, 1973 entered an order denying the plaintiff's motion to set aside the order of March 14, 1973 which the judge believed he could not reverse in light of Balfe v. Gulf Oil Company-Latin America, Fla.App. 1973, 279 So.2d 94, and then on July 5, 1973 he entered another order setting pretrial conference. He then reset the pretrial conference and ordered that the plaintiff make an election of remedies, suspending discovery by plaintiff until such time as he elects his remedies. Plaintiff moved for rehearing, but this motion was denied.
On appeal, plaintiff-appellant contends that it was error to compel plaintiff to make an election of remedies and suspend the proceeding until he makes his election.
We concur in the affirmance of the order of Judge Balaban denying plaintiff's motion to vacate an earlier order of Judge Turner requiring the plaintiff to make an election of remedies prior to trial.
Where one circuit judge has made an interlocutory order in a case, and for some reason is not able to continue to preside therein, another judge of the circuit court (before whom the cause is entitled to come by virtue of his assignment thereto by the presiding judge or an approved rule of the court) can vacate the prior order when the case is pending and has not gone to final judgment. Here the trial judge mistakenly concluded the contrary and grounded his order thereon, upon the assumption that such action was precluded by Balfe v. Gulf Oil Company-Latin America, Fla.App. 1973, 279 So.2d 94. The Balfe decision is not applicable to successive interlocutory orders by different circuit judges in a pending cause.
The rule referred to in Balfe is one which precludes a successor judge from reviewing, modifying or reversing a final order or judgment in a cause made by his predecessor (unless for mistake or fraud). See to like effect, Lawyers Co-op Pub. Co. v. Williams, 149 Fla. 390, 5 So.2d 871, 872; Groover v. Walker, Fla. 1956, 88 So.2d 312.
On occasion, for varied reasons or circumstances, two or more judges of a circuit will act separately at different stages of a pending case. When that occurs they have equal powers, and each has the power of the court. State ex rel. Brooks v. Freeland, 103 Fla. 663, 38 So. 27, 28; State ex rel. Palmer v. Atkinson, 116 Fla. 366, 156 So. 726, 96 A.L.R. 539; City of Coral Gables v. Blount, 131 Fla. 36, 178 So. 554.
While a case is pending, a second circuit judge properly assigned to the case can vacate or vary interlocutory orders made earlier therein by another judge, the same as could be done by the latter. In Groover v. Walker, supra, after stating the rule against a successor judge reviewing or reversing a predecessor judge's final order or judgment in a case, the Court stated: "The rule would appear to be otherwise with respect to interlocutory orders or decrees," citing Jones v. McConnon & Co., 100 Fla. 1158, 130 So. 760, so holding.
However, in spite of the fact that Judge Balaban may have denied the motion to vacate the prior severance order on an erroneous assumption of lack of jurisdiction, it does not follow that his order was not correct. It was, because the order which had been entered by Judge Turner for election of remedies was proper. The *528 two remedies sought by the plaintiff were not apposite. They were mutually exclusive. A claim for rescission is predicated on disavowal of the contract. A claim for damages is based upon its affirmance.
It is a familiar principle that the theory or reason of a trial court in making an order is not controlling, and the ruling will be affirmed if there is some other reason to support it.
Accordingly, the order herein appealed must be and hereby is affirmed.
Affirmed.