PER CURIAM.
Plaintiff seeks reversal of a summary final judgment in favor of her ex-husband in an action to recover damages for his refusal to honor a $600,000 personal check.
Plaintiff Betty Jo Chapin and defendant Herbert Naurison were married on January 26, 1968. In early 1969 they were divorced and within three months remarried. During the course of the second marriage, on December 1, 1969 Herb asked Betty if she wanted some money. Upon Betty’s replying in the affirmative, Herb made out a check for $600,000 to Betty Chapin as payee. On several occasions while the parties were still married, Betty presented the check for payment which was refused. On October 21, 1970 Betty filed a petition for dissolution of marriage and at the hearing the issue of payment of the $600,000 check was raised and Herb, a man of modest means, claimed it was a joke. The marriage was dissolved on June 14, 1971 and Betty awarded $47,000 as lump sum alimony, a 1969 Dodge automobile and $4,500 in attorney’s fees. After entry of the June 14 judgment, Betty, on October 4, deposited the check in the United National Bank of Dadeland for collection and the check was returned uncollected. Thereupon, Betty filed suit against Herb for $600,000 in damages plus interest. Herb filed a motion for summary judgment on the basis that Betty’s rights, if any, with respect to the check had been disposed of by the 1971 final judgment. The trial court granted the motion. We affirm.
The rule is established that where the court has acquired jurisdiction to adjudicate property rights, a final disso *414 lution of marriage judgment settles all property rights of the parties and bars any action thereafter by either party to determine property rights. Simon v. Simon, Fla.App.1974, 293 So.2d 780 and cases cited therein. The check was introduced into evidence and the issue of its validity was raised at the dissolution of marriage hearing. The final dissolution of marriage judgment disposed of the issue of the check claim adversely to Betty and if she intended to contest the judgment, she had a right of appeal. Having failed to do so, she is now barred from bringing a separate action on the claim.
Affirmed.