330 So.2d 552 (1976)
Robert PRATT, As Administrator of the Estate of Alfred Pratt, Deceased, Appellant,
v.
Evelyn Pratt GERBER, Appellee.
No. 75-831.
District Court of Appeal of Florida, Third District.
April 13, 1976.
Rehearing Denied April 26, 1976.
Carole A. Gardiner, Miami, for appellant.
Frank M. Marks, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
In an action in the Circuit Court of Dade County, for dissolution of marriage, a judgment was entered on November 11, 1971, dissolving the marriage of the appellee and Alfred Pratt. The judgment contained a reservation of jurisdiction for the purpose of entering "further orders touching upon the property and financial rights of the parties". Alfred Pratt died on December 10, 1971, prior to any further hearing in that cause. His son Robert Pratt was appointed administrator of his estate.
During the marriage, the parties thereto purchased certain stocks and bonds which *553 they continued to own until the time of the dissolution of their marriage. The securities were in the names of both parties. Some bore the notations of "JT Ten" and others the notation of "JT with right of survivorship and not as tenants in common".
In 1974, in the proceeding for probate of the estate of said decedent in the probate division of the circuit court of Dade County, the administrator filed a petition to require the widow to surrender property claimed for the estate representing a one half interest in said securities. The widow refused, and moved in the probate proceeding for summary judgment, claiming full ownership of such securities.
Following a hearing on those motions, a judgment was entered on June 28, 1974, by Judge George E. Schulz, whereby the widow's motion for summary judgment was denied, and summary judgment was granted in favor of the estate. The effect of that judgment was a determination that the estate was entitled to a one half interest in the said securities.
On July 3, 1974, the widow filed a petition for rehearing, directed to the judgment of June 28, 1974. The petition contained three grounds. First, that there were other matters to be determined in addition to those decided by the court. Second, that the judgment was erroneous, by attempting to remake a written agreement between the parties; and third, that the judgment was "contrary to the facts and the law and is erroneous."
While the petition for rehearing was pending and undetermined, Judge Schulz retired. Thereafter Judge Joseph Nesbitt, who had succeeded Judge Schulz, held a hearing thereon, granted the petition and entered judgment holding the widow was the sole owner of the securities in question, and that the estate of the decedent had no interest therein. By that judgment the successor judge in fact reversed the judgment of the predecessor judge and rendered a decision to the contrary thereof on the merits of the matter involved. The administrator appealed.[1] Although action on the petition for rehearing by the successor judge appears to have been objected to by the administrator in the trial court, and his action thereon was assigned as error on the appeal, the brief of the appellant did not contain an argument on such an assignment, and argued error on grounds going to the merits of the judgment appealed.
We hold that where the petition for rehearing, which in this instance did not state grounds based on fraud or mistake, or a ground for relief from the prior judgment under Rule 1.540 F.R.C.P., but stated grounds challenging the correctness of the prior judgment, the successor judge was unauthorized to review and reverse on the merits and on the same facts the prior final judgment or order of the predecessor judge and to enter a different judgment. Smith v. Mobley, 95 Fla. 829, 116 So. 760; Lawyers Co-operative Publishing Co. v. Williams, 149 Fla. 390, 5 So.2d 871; Groover v. Walker, Fla. 1956, 88 So.2d 312; Epperson v. Epperson, Fla. 1958, 101 So.2d 367; Bailey v. Bailey, Fla.App. 1967, 204 So.2d 531, 532; Tingle v. Dade County Board of County Commissioners, Fla. 1971, 245 So.2d 76; Barnard v. Overstreet, Fla. App. 1972, 259 So.2d 517; Balfe v. Gulf Oil Company-Latin America, Fla.App. 1973, 279 So.2d 94; City of Miami Beach v. Chadderton, Fla.App. 1975, 306 So.2d 558; Better Construction, Inc. v. Camacho Enterprises, *554 Inc., Fla.App. 1975, 311 So.2d 766. Cf. Deemer v. Hallett Pontiac, Inc., Fla. App. 1974, 288 So.2d 526.
As applied to the circumstances of this case, we hold that review of the prior judgment and entry of a contrary judgment by the successor judgment on the petition for rehearing constituted fundamental error, for which the judgment or order appealed from must be reversed.
Rule 3.7(i) F.A.R. which provides that assignments of error not argued in briefs will be deemed abandoned, further provides as follows: "However, the Court, in the interest of justice, may notice jurisdictional or fundamental error apparent on the record-on-appeal, whether or not it has been argued in the briefs or made the subject of an assignment of error, or of an objection or exception in the court below."
In the Florida decisions which have pronounced the prohibition against a successor judge reviewing and reversing a final order or judgment of his predecessor, the action of a successor judge in violation or disregard thereof has been classified "unauthorized".[2] Such unauthorized action by a successor judge which results in reversal of the prior final order or judgment of a predecessor judge or which reaches a different decision as to the rights of the parties as fixed in the prior judgment, is a matter of sufficient gravity in the judicial process and in due process of law that we are impelled to regard it as fundamental error. Upon disposing of this appeal on that basis, we pretermit discussion of the arguments on this appeal which were submitted on the merits.
Accordingly, the order or judgment appealed from is reversed, and the prior judgment entered by Judge Schulz on June 28, 1974 is reinstated; and the cause is remanded to the circuit court with direction to enter an order denying the petition for rehearing which was directed to the final judgment of June 28, 1974.[3]
NOTES
[1] The order entered by Judge Nesbitt in the probate proceeding, holding with finality that the estate had no interest in the property and that the widow was the sole owner thereof, was an appealable final order or judgment in the probate proceeding. Likewise the prior order of Judge Schulz determining the rights of the parties with reference to ownership of such securities was a final judgment thereon. In re Nolan's Estate, Fla.App. 1954, 114 So.2d 341; In re Hamlin's Estate, Fla.App. 1963, 157 So.2d 844.
[2] In some other jurisdictions such action has been held to constitute jurisdictional error. State v. Vanderburg Circuit Court, 1949, 227 Ind. 353, 85 N.E.2d 254, 258 (held to be void); (St. John v. Archer, Tex.Civ.App. 1941, 147 S.W.2d 519 (held the "unauthorized" action was jurisdictional error).
[3] The disposition of the timely petition for rehearing of the June 28, 1974 judgment, by entry of an order denying the petition, following remand as above directed will fix the date of rendition of that judgment marking the start of a thirty day period in which an appeal may be filed from the judgment. See Rule 1.3 F.A.R.