352 So.2d 1254 (1977)
Gail C. McBRIDE, Appellant,
v.
Douglas B. McBRIDE, Appellee.
No. FF-310.
District Court of Appeal of Florida, First District.
December 15, 1977.
*1255 Isham W. Adams, Daytona Beach, for appellant.
James L. Padgett, Crescent City, for appellee.
RAWLS, Judge.
By this interlocutory appeal, appellant-wife seeks review of an order entered by a successor judge modifying the final judgment of dissolution of marriage by changing nunc pro tunc the form of alimony from permanent to rehabilitative.
The parties were married June 11, 1966, approximately ten days after the wife graduated from high school. The wife was 17 years old and the husband was 21 years old. During their marriage, the parties had two sons. The wife was never employed in the marketplace during the marriage.
In May of 1975, the husband filed a petition for dissolution of marriage accompanied by an offer of judgment. The parties entered into a stipulation by which they settled provisions for child support, visitation, and property settlement. The husband further agreed to pay $500.00 per month alimony; however, the parties were unable to agree whether the alimony payments would be made on a permanent or rehabilitative basis.
On October 17, 1975, Judge Leon F. Stewart entered his order dissolving the marriage, incorporating the stipulation provisions into the order, and directing that the $500.00 per month alimony be permanent.[1] The husband filed a petition for rehearing which was denied on December 19, 1975. No appeal was taken.
On February 10, 1976, the husband filed a petition for modification alleging a mistake of fact as to his financial status at the time of entry of the final judgment; the ability of his ex-wife to work; and financial losses that were leading to his bankruptcy. (A financial statement dated December 31, 1975, was filed with the trial court which listed the husband's net worth as $202,179.38. Also, a statement of cash receipts and disbursements was filed listing a cash balance of $75,425.17.) Following a hearing, Judge Stewart denied the petition for modification on April 2, 1976. Such denial constituted an affirmance of the previous order as to permanent alimony.
On September 24, 1976, the husband filed a petition for modification alleging material changes in the circumstances of the parties. An amended and second amended petition were filed. The second amended petition alleged that the income of the husband had materially changed and substantially decreased, that the circumstances of the wife had changed in that the minor children had both attained school age, and that subsequent to January 17, 1977, freezing weather had destroyed a vast majority of the husband's fern crop which was the source of his income. The husband prayed that the court "reduce his child support payments, and substantially reduce or eliminate entirely alimony payments." (A financial statement dated December 31, 1976, was filed showing a net worth of $94,308.66.)
On March 10, 1977, Judge Upchurch, Judge Stewart's successor, entered his order denying any modification in the child support or the amount of alimony but amending nunc pro tunc the final judgment of October 17, 1975, so as to provide that the alimony be rehabilitative, rather than permanent, payable for four consecutive years commencing October 1, 1975.
As grounds for reversal, appellant urges that the successor trial judge was without *1256 jurisdiction or authority to modify the final order of his predecessor.
Generally, in the absence of mistake or fraud, a successor judge cannot review, modify or reverse, upon the merits on the same facts, the final orders of his predecessor. Bailey v. Bailey, 204 So.2d 531 (Fla. 3rd DCA 1967).
Section 61.14, Florida Statutes, provides that the circuit courts have jurisdiction to make orders as equity requires to decrease or increase the amount of alimony with due regard to the changed circumstances or the financial ability of the parties. The jurisdiction of a successor judge is limited, for it has been held that while a successor judge could modify prospectively pursuant to Section 61.14, he could not "clarify" a final judgment of dissolution so that additional obligations would relate back to the time of the entry of the original judgment. Floyd v. Floyd, 281 So.2d 63 (Fla. 3rd DCA 1973). Thus, that portion of the trial court's order making the four-year period of rehabilitative alimony effective the date of the original decree was error because of its retroactive nature.
As to the form of alimony, rehabilitative vs. permanent, it should be noted that the husband petitioned for a reduction or elimination of alimony. The primary criteria to be used in establishing the amount of alimony is still the husband's ability to pay and the needs of the wife, taking into consideration the standard of living by the parties to the marriage. Sharpe v. Sharpe, 267 So.2d 665 (Fla. 3rd DCA 1972); and Firestone v. Firestone, 263 So.2d 223 (Fla. 1972).
In Herbert v. Herbert, 304 So.2d 465 (Fla. 4th DCA 1974), the Fourth District Court of Appeal stated:
"... the husband's petition for modification alleging matters bearing upon a substantial change in his financial circumstances and resulting in the order under review merely prayed for `an order reducing child support and alimony'. The pleadings do not reflect any suggestion or intimation that the husband's obligation to pay alimony should cease because of a [sic] substantial changes in his circumstances or those of his wife.
"Nevertheless, the trial court proceeded to terminate the husband's alimony obligation rather than reduce the same during his period of financial inability as prayed for in his petition. The trial court predicated this cessation upon its finding that there was `no justification in extending the husband's obligation for alimony to a woman who is well capable of supporting herself'. This gratuitous determination was inconsistent with the husband's petition for modification and for that matter with every other plead-and prayer for relief filed by the husband in the dissolution proceedings."
In the instant case, the husband petitioned for a reduction or elimination of alimony. The trial court declined to reduce the alimony; however, it changed the form of alimony from permanent to rehabilitative. This was error. The evidence presented established nothing more than the husband was undergoing a temporary reduction in income due to a winter freeze with resulting damage to his fern acreage. There was no evidence presented that the wife's financial circumstances had changed nor was there any evidence that the wife's ability for self support would occur at the end of the four-year period.
The judgment appealed is REVERSED.
McCORD, C.J., concurs.
BOYER, J., dissents.
BOYER, Judge, dissenting.
Prior to the untimely death of Judge Leon Stewart he entertained a petition for dissolution of the marriage of the parties hereto. In due course there was filed in the cause a stipulation which recited, inter alia, the following:
"That Petitioner shall pay and Respondent shall accept as total alimony and support for herself the sum of five hundred ($500.00) dollars per month, commencing on the first day of October, 1975, and continuing on the first day of each *1257 and every calendar month thereafter until appropriately terminated.
"The parties hereto stipulate and agree that the said sum of $500.00 per month is a fair and adequate alimony payment for respondent. However, they are unable to agree as to whether said payments should be made on a permanent or rehabilitative basis. Specifically, Respondent is of the opinion that said payment should be made permanently; however, Petitioner is of the opinion that said payments should be made only until such time as Respondent is able to contribute to her own support and general welfare. In consideration of this disagreement, the parties hereto request the Court to resolve this controversy either by trial or by testimony taken before a Special Examiner. In any event, the parties hereto agree that in no event shall Petitioner be further responsible for alimony payments in the event of the demise or remarriage of respondent, and all such obligations in this regard shall be discharged upon either of those events."
Judge Stewart entered a final judgment dissolving the marriage in which he also ordered:
"The stipulation of the parties, dated the 10th day of December, 1975, and filed in this cause, a true copy of which is attached, is approved and by reference incorporated in and made a part of this final judgment and the parties are ordered to comply with the provisions thereof. The alimony payable by Petitioner to Respondent shall continue until the death of the Petitioner, the death or remarriage of Respondent or the further order of this Court modifying the same due to change in circumstances.
* * * * * *
"This Court retains jurisdiction of this cause and of the parties hereto as to matters relating to child custody and support, alimony and the enforcement of this Court's final judgment."
Florida Statute 61.08 provides that alimony may be rehabilitative or permanent in nature. It further provides that: "in any award of alimony, the court may order periodic payments or payments in lump sum or both."
On February 9, 1977, Mr. McBride filed a second amended petition for modification, reciting that it was filed pursuant to Florida Statute 61.14, alleging a change in circumstances and praying that the court "substantially reduce or eliminate entirely alimony payments." In the meantime Judge Stewart had died and had been replaced by Judge Upchurch. On March 10, 1977, Judge Upchurch entered an order reciting that the petition to reduce or eliminate alimony was denied but providing that the final judgment "is amended nunc pro tunc to provide that the alimony payable by Petitioner shall be rehabilitative alimony, payable at $500.00 per month for a total consecutive period of four (4) years only, commencing as agreed in the stipulation of the parties (October 1, 1975)." The order further provided "In the event Petitioner/Husband dies, or Respondent/Wife dies or remarries prior to the termination of the four year period, all remaining sums due for the period of this alimony award due and payable after occurrence of said event, will terminate."
Florida Statute 61.14 provides in material part as follows: "When the parties have entered into * * * an agreement for payments for * * * alimony * * * or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed * * * either party may apply to the Circuit Court * * * for a judgment decreasing or increasing the amount of * * * alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties * * * decreasing, increasing or confirming the amount of * * * alimony provided for in the agreement or order."
Florida Statute 61.08(2) provides that in determining a proper award of alimony, the court may consider any factor necessary to do equity or justice between the parties.
*1258 It will be noted that the final judgment of Judge Stewart did not specifically provide that the alimony be either rehabilitative or permanent in nature. He did provide that it would continue "until the death of the Petitioner, the death or remarriage of Respondent or the further order of this Court modifying the same due to change in circumstances." (Emphasis added) It is apparent therefore that Judge Stewart anticipated that the alimony award be modified by order of the court due to change in circumstances.
Both parties agreed during oral argument that there was no significance to the recitation in Judge Upchurch's order (the order here appealed) that the modification therein provided by "nunc pro tunc"; both parties agreeing that the effect of the order is the real issue and not the verbiage employed.
When considered in its entirety, it is apparent that the original final judgment entered by Judge Stewart is just as susceptible of being interpreted as providing for terminable rehabilitative alimony as it is for permanent alimony. (See Cann v. Cann, 334 So.2d 325 [Fla. 1st DCA 1976].)
In Ruhnau v. Ruhnau, 299 So.2d 61, (Fla. 1st DCA 1974) we said:
"We also point out that the word `permanent' is not necessarily synonymous with `forever'. Change of circumstances, including ability of self support after children are `grown and gone' clearly justifies, depending upon the circumstances of each case, modification of alimony judgments. (Florida Statute 61.14)"
In my view, F.S. 61.14, when construed in pari materia with F.S. 61.08(2), as well as the final judgment itself which specifically provided that the alimony was payable until "the further order of this Court" contemplated that the alimony was subject to modification, including termination.
The learned trial judge had the duty and responsibility of weighing the evidence and determining the facts based thereon. Interference in that responsibility is not the prerogative of an appellate court. The record clearly reveals evidence from whence the trial judge could have found (and apparently did) that Mr. McBride was on the verge of financial disaster. There was also evidence to support the trial judge's determination that after a rehabilitative period Mrs. McBride would no longer require alimony. Financial genius is not required to determine that a terminable obligation is more palatable on a financial statement than is a continuing or permanent obligation. The trial judge had the right to wisely attempt to avoid killing the goose who is laying the golden egg. In reality and legal effect all he did was modify a final judgment the verbiage of which reflects was initially anticipated to be subject to modification by declaring the alimony therein provided to be rehabilitative rather than permanent when the final judgment had up until that time remained silent on that issue.
The majority opinion relies heavily upon Herbert v. Herbert, an opinion of our sister court of the Fourth District. Insofar as that opinion may be construed as prohibiting adjudication of issues not anticipated by the pleadings (in the absence of a waiver or consent) I am in agreement therewith. However, insofar as the opinion might be read to hold that termination may not be adjudicated upon a petition for reduction I would disagree therewith. In no event, however, does that opinion have any applicability sub judice since, as above recited, the petition giving rise to the order here appealed prayed alternatively for reduction or elimination.
Lest there be any misunderstanding as to the period over which rehabilitative alimony may be extended upon proof that a former wife's "mothering responsibilities" are being discharged and are therefore impeding her period of rehabilitation I point out that rehabilitative alimony may be extended, upon timely application and proof, until such time after termination of the mothering responsibilities as is required for the former wife to then rehabilitate herself, health and other factors permitting. (See Manning v. Manning, 353 So.2d 103 (Fla. App. 1st 1977]).
*1259 I would affirm without prejudice to the right of appellant to seek, at the appropriate time, an extension of the rehabilitative alimony, upon a showing of need therefor in accordance with the guidelines provided by this opinion and the other decisions herein cited.
NOTES
[1] We construe Judge Stewart's language in the final judgment to the effect that "the alimony payable by Petitioner to Respondent shall continue until the death of the Petitioner, the death or remarriage of Respondent or the further order of this Court modifying the same due to change in circumstances" to constitute an award of permanent as opposed to rehabilitative alimony.