391 So.2d 810 (1980)
Sara G. DAVIS, Formerly Sara G. Fisher, Appellant,
v.
James C. FISHER, Appellee.
No. 79-284.
District Court of Appeal of Florida, Fifth District.
December 31, 1980.
*811 Leonard V. Wood, Altamonte Springs, for appellant.
Jack T. Bridges, Sanford, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from an order modifying a final judgment in a marriage dissolution case. Because the evidence is insufficient to support a reduction in the amount of support the final judgment provided for the children, we reverse the order of modification. The evidence is totally one-sided in favor of the mother who is the custodial parent. It is agreed by both parties that due to "inflation" the needs of the children have increased since the final judgment and it is clear from the evidence that appellee's income has increased since the judgment. The mother's remarriage has no bearing upon the father's duty to support. In re Marriage of Johnson, 352 So.2d 140 (Fla. 1st DCA 1977). See also Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980).
The father has convinced the trial judge, who was not the trial judge when the final judgment was entered, to go behind that original final judgment and, in effect, review the final judgment and change its terms. It is not the function of one trial judge to review another's judgment. Groover v. Walker, 88 So.2d 312 (Fla. 1956); McBride v. McBride, 352 So.2d 1254 (Fla. 1st DCA 1977). It is also error for this trial judge to have taken parol evidence concerning a property settlement agreement upon which the final judgment was based. Because the property settlement agreement was ratified by the court and incorporated in the judgment, it rises to the dignity of that judgment and the trial court had no authority to review it. Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979); Benson v. Benson, 369 So.2d 99 (Fla. 4th DCA 1979); Rothenheber v. Jessup, 360 So.2d 798 (Fla. 2d DCA 1978); Chapin v. Naurison, 325 So.2d 413 (Fla. 3d DCA 1976).
*812 The order modifying the final judgment (which order is entitled "Final Judgment" and was rendered October 1, 1979) is reversed and this cause is remanded for the assessment of attorney's fees for appellant's attorney at the hearing for modification and on appeal.
The order of January 11, 1979, which reduced the amount of child support pending compliance with a discovery order, was also appealed. This court has jurisdiction to consider that order, notwithstanding the position of appellee. Fla.R.App.P. 9.130(g). That order, which has the ultimate effect of punishing the mother and children because the present husband of the mother refused to turn over his bank account records, was an abuse of discretion and is reversed. If the trial court should require the mother to keep a general accounting of the funds she receives and spends for the children, then such would be a valid exercise of the authority of the court. Sec. 61.13(1), Fla. Stat. (1979). But to punish the mother before an accounting was ordered and for the actions of her spouse, albeit contemptuous of the court on the spouse's part, is error.
The orders are reversed and the original final judgment is reinstated. This cause is remanded for assessment of a reasonable attorney's fee for the services of appellant's attorney below and upon appeal.
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.