RYDER, Judge.
Harold Lasky challenges the' trial court’s order which found him obligated to pay child support to his former wife, Edwina Davis, in this post-dissolution proceeding. Because the trial court did not have jurisdiction to enter the order appealed, we reverse.
The parties were divorced by a final judgment of dissolution of marriage filed December 17, 1984. The final judgment incorporated by reference the parties’ marital settlement agreement dated September 29, 1984. The agreement provided for Davis to have primary residential custody of the parties’ fifteen-year-old son, Todd. The agreement also provided that Lasky would pay Davis child support of $1,000.00 per month for seven years and alimony of $1,000.00 per month for four years.
In March of 1987, Todd left Davis’ residence and began living with his father, *309 Lasky. Without any contribution from Davis, Lasky provided for Todd’s needs for the remainder of Todd’s senior year in high school and through his attendance at Florida State University. Todd lived with La-sky during vacations from college. On May 22, 1987, Lasky petitioned the court to order a change of Todd’s custody and to terminate his child support obligation as of March 1987.
On June 29, 1987, an order was filed in which Judge Vernon W. Evans, Jr. changed custody of Todd to Lasky and terminated Lasky’s obligation to pay child support. On August 11, 1987, Judge Evans filed an order “upon the joint stipulation of the parties ... and pursuant to [the lower] Court’s order of June 2[9], 1987.... ” The August 11, 1987 order again provided that child support payments by Lasky were “suspended so long as the minor child resides with the Husband retroactive to March 27, 1987.” Davis filed a motion for rehearing of the August 11, 1987 order with regard to the issue of alimony, which is not before us in the case sub judice. Davis’ motion for rehearing was granted and on November 12, 1987, an order was filed in which Judge Evans resolved an ambiguity concerning the alimony only. Because there was a motion for rehearing, the time for filing an appeal was tolled. Either party had thirty days from November 12, 1987 to appeal either the June 29, 1987 or the November 12, 1987 orders.
Not one of the final orders referenced above was appealed. On November 14, 1988, Davis filed a motion for clarification of the December 17, 1984 final judgment of dissolution. In her motion for clarification, Davis alleged that the original intent of the parties was that she was to receive $2,000.00 per month regardless of the label attached to the payment (e.g., “child support” or “alimony”). Davis alleged that the payments were labeled as they were for tax purposes only. In an order filed August 18, 1989, Judge Peter J.T. Taylor held that Lasky was obligated to pay child support arrearages in the amount of $28,-000.00 and continuing support payments of $1,000.00 per month.
Lasky argued before the trial court and argues before this court that the trial court had no jurisdiction to change Lasky’s child support obligation absent a substantial change in circumstances which would have had to occur since Judge Evans’ order of November 12, 1987. Davis argues that because the court reserved jurisdiction in the final judgment of dissolution, it had jurisdiction to modify the child support obligations pursuant to section 61.13, Florida Statutes (1989).
Under section 61.13, a trial court retains continuing jurisdiction to modify child support obligations only when a substantial change in circumstances has occurred. See Bailey v. Bailey, 204 So.2d 531 (Fla. 3d DCA 1967). Davis has not shown any change in circumstances since Judge Evans’ November 12, 1987 order terminating Lasky’s child support obligations. Todd is still living with Lasky during college vacations and Lasky is providing for Todd’s full support.
If there was a question regarding the parties’ intent about child support when they entered the original settlement agreement, the issue should have been raised when Lasky petitioned the trial court to modify his support obligation. Davis v. Dieujuste, 496 So.2d 806 (Fla.1986). Judge Evans’ order was final on November 12, 1987, and no appeal was taken. Davis’ motion for clarification was filed over one year after Judge Evans’ order was final. Davis’ motion was not timely and the trial court had no jurisdiction to modify Lasky’s support obligation. See Master Cleaners of Miami, Inc. v. Chantres, 471 So.2d 646 (Fla. 3d DCA 1985); Davis v. Fisher, 391 So.2d 810 (Fla. 5th DCA 1980), petition for review dismissed, 397 So.2d 777 (Fla.1981); McBride v. McBride, 352 So.2d 1254 (Fla. 1st DCA 1977); Bailey. There being no change in circumstances since November 12, 1987, it was error for the trial court to enter the order appealed.
The case is reversed and remanded. Upon remand, the trial court shall set aside its order filed August 18, 1989 and rein *310 state Judge Evans’ order filed November 12, 1987.
Reversed and remanded with directions.
SCHOONOVER, C.J., and PARKER, J., concur.