715 So.2d 977 (1998)
Maxine PETERSON, Appellant,
v.
Spencer PETERSON, Appellee.
No. 96-3521.
District Court of Appeal of Florida, Fourth District.
June 10, 1998.
As Clarified on Denial of Rehearing August 12, 1998.
Rehearing Denied August 12, 1998.
*978 Maxine Peterson, Coral Springs, pro se.
Steven Effman, Plantation, and Deborah Marks, North Miami, for appellee.
POLEN, Judge.
Maxine Peterson, the former wife, timely appeals a Final Judgment entered on the former husband's petition for modification of the final judgment of dissolution. The parties were previously before this court in Peterson v. Peterson, 659 So.2d 1287 (Fla. 4th DCA 1995) (Peterson I), where we affirmed the March 1992, final judgment in all respects, including the award to the wife of $1,000 per month in permanent periodic alimony, reversing only as to a double assessment against the former husband of the former wife's attorney's fees for her first attorney. We subsequently affirmed the trial court's denial of the former husband's petition for modification in Peterson v. Peterson, 670 So.2d 960 (Fla. 4th DCA 1996) (Peterson II). While our decision in Peterson II remained pending, the former husband filed a second petition for modification, which resulted in the final judgment now before us. Of the several issues presented by the former wife, one has merit.
In its most recent final judgment, the trial court granted the former husband's petition for modification as to alimony, "extinguish[ing] all alimony, present, past, and future, inclusive." It found "that the Trial Judge knowingly and intentionally omitted any award of alimony to the Former Wife in the Final Judgment of March 30, 1992," and determined "no alimony was ever awarded the Former Wife ... in this dissolution of marriage action, whatsoever." This ruling was in error.
The final judgment of dissolution was dated March 30, 1992. The trial court left a blank space in the final judgment where the amount of the award of alimony to the former wife should have appeared. Eight months after the final judgment was entered, on November 11, 1992, the former wife timely filed a motion seeking correction of this clerical error, prompting the trial court to issue an order on December 4, 1992, which provided in pertinent part:
d. That the court intended to and did award Wife permanent periodic alimony in its Final Judgment dated March 30, 1992, but inadvertently omitted the monthly sum thereof.
The trial court's December 4, 1992, order provided that the amount of permanent periodic alimony awarded to the wife should have been $1,000 per month. The former wife correctly asserts the trial court had jurisdiction to enter this December 4, 1992, order.
Generally, in the absence of mistake or fraud, a successor judge cannot review, modify, or reverse on the merits the final orders of his predecessor on the same facts. McBride v. McBride, 352 So.2d 1254 (Fla. 1st DCA 1977). Further, when we affirmed the March 1992, final judgment, as corrected by the December 4, 1992, order, the award to the wife of $1,000 permanent periodic alimony became the law of the case and could not be vacated later by the trial court on the basis that the trial court lacked jurisdiction to enter the order. Sloane v. Sloane, 625 So.2d 1236 (Fla. 4th DCA 1993) (noting a per curiam decision of the appellate court is the law of the case between the same parties on the same issues and facts, and determined all issues necessarily involved in the appeal, whether mentioned in the court's opinion or not). Except in extraordinary circumstances, the law of the case must be followed in subsequent proceedings, both in *979 the lower and appellate courts. Warren v. Shands Teaching Hosp. and Clinics, Inc., 700 So.2d 702, 704 (Fla. 1st DCA 1997) (citing Brunner Enters., Inc. v. Department of Revenue, 452 So.2d 550 (Fla.1984)).
The Final Judgment on appeal is reversed as to these two provisions, with directions to reinstate the permanent periodic alimony award to the former wife of $1,000 per month, and to determine any arrearages in alimony from the entry of the final judgment of March 30, 1992. Because the trial court did not reach the merits of the former husband's motion for modification as to this alimony award, we remand for reconsideration of this portion of his motion; however, on remand, the former husband will be required to pay any alimony arrearages pending a final resolution of the merits of his motion.
AFFIRMED IN PART, REVERSED IN PART.
DELL and STEVENSON, JJ., concur.