DAUKSCH, J.
This is an appeal from a post-judgment order in a marriage dissolution ease. The issue on appeal is whether a successor judge has the authority to countermand the order entered by the original judge. He does not. See Groover v. Walker, 88 So.2d 312 (Fla.1956)(A successor judge “cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor”).
Here, the parties appeared before Judge Coleman to have him rule upon appellant’s motion to reduce, eliminate or suspend alimony payments because appellant alleged a reduction in his ability to pay all of the alimony required in the original judgment and property settlement agreement. Judge Coleman considered the matter and suspended the duty to pay permanent alimony “because the Court finds there has been a significant change in the Former Husband’s financial circumstances.” Two years later appellee sought a reinstatement of the alimony payments and appeared before Judge Evans because of the usual judge rotation system in the circuit. Had Judge Evans merely reinstated the alimony payments, based upon sufficient evidence, then no problem would have occurred. However, a finding was made that, “Former Husband has voluntarily decreased his working hours” and then an order was entered requiring appellant to pay all of the alimony that Judge Coleman had ordered suspended. This finding implies wrongdoing or a purposeful reduction in work to reduce pay to reduce alimony. In order to support the order requiring the payment of arrearages during the suspension period, the voluntary reduction had to have existed at the time the appellant made his original request before Judge Coleman. If that were so then it was up to Judge Coleman to have acted upon that evidence. So, either the evidence did not exist or Judge Coleman was not convinced by it. Either way, it is not for the successor judge to go behind Judge Coleman’s ruling. As many cases have said “in the absence of mistake, or fraud, a successor judge cannot review, modify, or reverse on the merits the final order of his predecessor on the same facts.” See Groover, 88 So.2d at 314; Peterson v. Peterson, 715 So.2d 977, 978 (Fla. 4th DCA 1998); McBride v. McBride, 352 So.2d 1254, 1256 (Fla. 1st DCA 1977); Bailey v. Bailey, 204 So.2d 531, 532 (Fla. 3d DCA 1967). If appellee felt aggrieved by Judge Coleman’s original order she should have appealed it and this court could consider her claims. Not another judge at the same level in the system. The order is quashed and the case remanded for entry of an order in accordance herewith.
ORDER QUASHED.
GOSHORN and HARRIS, JJ., concur.