PER CURIAM.
Andrew Gumberg appeals a trial court order granting his former wife’s trial counsel $23,000 for a portion of attorney’s fees incurred in an unsuccessful challenge to a prenuptial agreement. We reverse because the successor trial judge incorrectly interpreted this court’s opinion in Gumberg v. Gumberg, 818 So.2d 682 (Fla. 4th DCA 2002), where we affirmed an order denying the same portion of attorney’s fees.
The trial court’s 2001 order under review in Gumberg was not completely clear as to whether the trial court’s “reasonable” fee finding of $127,562.54 was intended to include the $23,000 in disputed attorney’s fees. The former wife, however, effectively conceded in that appeal that the trial court order denied the $23,000 and we affirmed. The trial court order reviewed in Gumberg first expressly found that the former wife should not be entitled to recover $23,000 in attorney’s fees for her unsuccessful challenge to the prenuptial agreement as “there was no basis to attack the agreement.” The same order, however, also provided that the hourly rate charged, amounting to $127,522.54, was “reasonable.” The parties conceded, both at the hearing and in the former wife’s subsequent appeal, that the trial court intended to subtract the $23,000 in attorney’s fees from the $127,522.54 potential fee and to award the former wife $104,522.54.
Here, as in Peterson v. Peterson, 715 So.2d 977, 978 (Fla. 4th DCA 1998), the affirmed order has become the “law of the case” and cannot be modified by the successor trial judge. Specifically, in the earlier appeal, the former wife argued that the trial court abused its discretion in denying that $23,000 portion of her prayer for attorney’s fees. After the former wife’s appeal, this court reversed certain portions of the order, specifically imposing post-judgment interest on the former wife, however “affirm[ing] on all other points raised.” Gumberg, 818 So.2d at 682. We can discern no basis to conclude that, in affirming, we did not intend to affirm as to that issue.
The former wife’s attorneys, although not counsel in the earlier appeal, are bound by the position taken and by our opinion in that appeal. See Peterson, 715 So.2d at 978.
Therefore, the final judgment in favor of Patterson & Maloney is reversed and we remand for modification accordingly.
STONE, WARNER and STEVENSON, JJ., concur.