DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ICE LEGAL, P.A.,**
Appellant,

v.

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST
MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES 2007-
BC2,**
Appellee.

Nos. 4D14-1484 and 4D14-2358

[January 6, 2016]

Consolidated appeal and non-final appeal from the Circuit Court for the
Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown,
Judge, and Susan Lubitz, Senior Judge; L.T. Case No.
502008CA026320XXXXMB.

Thomas Erskine Ice and Amanda L. Lundergan of Ice Appellate, Royal
Palm Beach, for appellant.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of
Akerman LLP, Fort Lauderdale, Victor R. Berwin and Eric M. Levine of
Akerman LLP, West Palm Beach, for appellee.

PER CURIAM.

In this foreclosure proceeding, the trial court set the case for trial after
the defendant homeowner's attorney had requested a continuance;
however, he did not appear on the continued date for trial, and the case
had to be continued again. The trial court entered an order requiring the
"defense" to compensate the plaintiff bank for the travel costs of its
witness, who had appeared, ready for trial. The homeowner filed a motion
to strike the "sanctions." Another trial judge set the amount of the costs
at $714.50 and granted an extension for the homeowner to pay, not
including defense counsel in the order. Later, after a final judgment of
foreclosure was entered, another successor trial judge held both the
defense counsel and the homeowner in contempt for failure to pay the
travel costs pursuant to the order. The homeowner and defense counsel

appeal, challenging the order awarding the travel costs as well as the contempt order making the defense counsel jointly responsible.

We reverse the order of contempt against the law firm. The order setting the amount of sanctions was entered prior to the final judgment and became final upon the entry of the final judgment of foreclosure. *See Alexopoulos v. Gordon Hargrove & James, P.A.,* 109 So. 3d 248, 250 (Fla. 4th DCA 2013); *Green v. Callahan,* 664 So. 2d 21, 23 (Fla. 4th DCA 1995). After the sanctions order became final, the successor trial judge was without authority to alter it by assessing the sanctions against defense counsel and the homeowner.

We affirm the original sanctions order, however. That order assessed costs against the homeowner caused by the last-minute continuance. The trial court has the authority to require the homeowner to pay for the costs of such continuances. *See Dep't of Children & Families v. M.G.,* 838 So. 2d 703, 704 (Fla. 5th DCA 2003).

*Reversed in part; affirmed in part.*

WARNER, CONNER, JJ., and LEVEY COHEN, MARDI, Associate Judge, concur.

\*    \*    \*

**Not final until disposition of timely filed motion for rehearing.**

2