# Third District Court of Appeal

## State of Florida

Opinion filed May 12, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1645
Lower Tribunal No. 10-42184
_____

## Shaquille O'Neal,
Appellant,

vs.

## Shawn Darling and Menachem Mayberg,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Carlton Fields, and Benjamine Reid, Clifton Gruhn and Jeffrey Cohen, for appellant.

Dorta Law, and Matias R. Dorta and Gonzalo R. Dorta, for appellee Menachem Mayberg.

Before LINDSEY, HENDON, and BOKOR, JJ.

HENDON, J.

Shaquille O'Neal ("O'Neal") appeals from an order vacating in part a final judgment granting his motion for attorney's fees and denying in part his motion for entitlement to attorney's fees pursuant to section 57.105, Florida Statutes (2017). We reverse.

Shawn Darling ("Darling") was intermittently employed by Shaquille O'Neal ("O'Neal") to provide personal computer and technology-related services between late 2007 and November 2009. Sometime prior to December 2009, Darling acquired about 25,000 personal emails from O'Neal, and asserted they were Darling's property. Through his counsel at the time, Darling demanded O'Neal pay him $12 million for return of the personal emails or he would release them to the public. O'Neal refused.

In 2010, Darling, through his current counsel Mayberg, filed a lawsuit against O'Neal seeking damages based on invasion of privacy, intentional infliction of emotional distress, and a purported violation of the Florida RICO statute. Darling subsequently sent a portion of the electronic material to a reporter and sold a portion to a celebrity gossip website. O'Neal sought a protective order and injunction to prohibit further dissemination of the material. The circuit court entered the injunction and this Court affirmed. Darling v. O'Neal, 86 So. 3d 1128 (Fla. 3d DCA 2012). Despite the injunction, Mayberg filed several more personal electronic documents in the

2

public record as exhibits to an amended complaint, resulting in a news article. The court ordered Mayberg to remove the documents from the public record, and the newspaper printed a retraction. In October, 2014, the court concluded that the undisputed record evidence established that O'Neal, not Darling, owned the personal electronic materials.

In December 2014, O'Neal served Darling and Mayberg with notice of intent to file for sanctions pursuant to section 57.105, Florida Statutes (2017). Darling did not dismiss his action against O'Neal during the 21-day safe harbor period, and in January 2015, O'Neal filed his motion for section 57.105 sanctions. Following that filing, Darling continued to pursue his claims in circuit court. The circuit court concluded that Darling failed to establish legitimate causes of action, dismissed the RICO claim and the intentional infliction of emotional distress claim, and entered summary judgment in O'Neal's favor on the invasion of privacy claim. This Court affirmed the circuit court's rulings per curiam and without oral argument. Darling v. O'Neal, 247 So. 3d 481 (Fla. 3d DCA 2018).

In February 2016, O'Neal noticed a hearing on his motion for section 57.105 sanctions.[1] In November 2016, the court ordered Darling to return all

---

[1] In the twenty-eight months since O'Neal filed the motion, neither Darling nor Mayberg filed any substantive response to the motion for sanctions.

personal electronic materials to O'Neal or delete them from every possible account.

The hearing on O'Neal's entitlement to section 57.105 fees took place on May 15, 2017, at which all parties were present. Darling's counsel, Mayberg, argued that his client asserted that he was in fear of O'Neal and believed the only way to protect himself was to file the three-count complaint, and that once having lost those counts, all of the delays in the litigation over ownership of the electronic materials had nothing to do with Mayberg's representation of Darling. Mayberg asked if he could show the judge those portions of the record that indicated Mayberg's efforts to move the litigation forward.[2] Id. Mayberg also asked the judge in passing, if, after he argued, he could testify as to the issue of bad faith regarding the 57.105 issue, and the judge granted him an additional ten minutes to the forty-minute hearing time allotted to finish his statement.[3]

---

[2] THE COURT: So, within those four years, did you ever make an attempt to ask the Court for relief to take the additional depositions, so you can continue along with the case?
MR. MAYBERG: No. . . .

[3] MR. MAYBERG: Your Honor, I'm just respectfully ask that, you know, I do understand that 40 minutes was granted. A lot was taken up, and I still have a lot to answer, Your Honor, and a lot of evidence to show, because I had to deal with so much in terms of what did not happen was alleged that the Judge did or didn't do, and I had to go prove that. What I'd like to do, -- so, Your Honor, getting to the issue of what happened in terms of --

4

In response to Mayberg's request to submit further documentary evidence, the court agreed to defer ruling on the motion and provided Mayberg with fifteen additional days in which to submit evidence, such as hearing transcripts or Mayberg's affidavit. Mayberg did not file any of the information as he requested at the hearing, nor did Mayberg seek an additional evidentiary hearing.[4]

On August 17, 2017, the trial court found that O'Neal was entitled to section 57.105 fees, concluding the record showed there was no legal basis for the three claims asserted in Darling's case against O'Neal. Further, the court found that the lawsuit was not filed or litigated in good faith, and that the evidence demonstrated that Mayberg was fully aware of Darling's presuit attempt to extort money from O'Neal as a condition of returning the emails and texts. The court provided a detailed list in its order of the sanctionable conduct committed by Darling and Mayberg. On September 1,

---

THE COURT: I'll give you about two minutes to wrap up and then I want to hear a reply. Okay?
MR. MAYBERG: Okay.

[4] Importantly, as discussed later, Mayberg eventually requested a rehearing to present additional testimony, but only after the trial court's ruling.

2017, Mayberg moved for rehearing and reconsideration, asserting that he had not been permitted to testify at the May 15 hearing.[5]

On October 31, 2017, the trial court held an evidentiary hearing on O'Neal's motion to determine the amount of attorney's fees. The Court accepted detailed records from O'Neal's law firm, heard testimony from O'Neal's expert, found the hourly rates reasonable, made adjustments, and concluded that O'Neal was entitled to fees of $412,914.50, to be split between Darling and his counsel, Mayberg. Mayberg did not call any witnesses. Afterward, Mayberg retained personal counsel, and two additional hearings were held, on December 4, 2017 and January 10, 2018. At the January 2018 hearing, Mayberg's counsel cross-examined O'Neal's counsel about the fees. Each party submitted proposed orders, and the trial court awarded fees to O'Neal.

On September 27, 2018, Mayberg filed a second motion for rehearing, now of the final judgment, once again asserting that he was denied the opportunity to put forth evidence at the May 15, 2017 hearing on entitlement to section 57.105 fees. Mayberg alleged the trial judge "restrained" him from

---

[5] Nothing in the record indicates that Mayberg followed up with a notice of hearing, nor does any order addressing Mayberg's motion for rehearing and reconsideration, prior to entry of the final judgment, appear in the record on appeal.

6

presenting his sworn testimony during the evidentiary hearing on entitlement and section 57.105 fees resulting in an erroneous ruling on the merits. The record refutes Mayberg's assertion. The trial court provided ample notice of the entitlement hearing and provided additional time at the hearing to accommodate Mayberg. Mayberg declined the court's invitation to supplement the record with an affidavit, and he failed to file anything before the court ruled on entitlement to put the court and the parties on notice that he sought additional time.

Between the time the final judgment was rendered and Mayberg filed his motion for rehearing, the judge who had presided over the litigation up to that point, Judge Sanchez-Llorens, was transferred to another division. The successor judge, Judge Eig, granted Mayberg's motion for rehearing of entitlement to attorney's fees pursuant to section 57.105.

On July 31, 2019, Judge Eig held a new evidentiary hearing on Mayberg's motion for rehearing, in which Mayberg testified, and revisited issues previously determined in prior hearings leading up to the final judgment. Judge Eig ultimately ruled that "Mr. Mayberg has established that he had acted in good faith, based on the representation of his client, as well as extrinsic evidence corroborating the claim. Consequently, monetary sanctions may not be awarded against the losing party's attorney, pursuant

7

to Section 57.105(3)(b), Florida Statutes (2019)." Judge Eig vacated the August 2017 order on entitlement to attorney's fees and vacated that portion of the final judgment that applied to Mayberg. O'Neal appealed.

We first address whether the successor judge had the authority to vacate the predecessor judge's final judgment. We conclude that he did not. "A successor judge cannot review, modify or reverse, upon the merits on the same facts, the final orders of his predecessor in the absence of fraud or mistake."[6] Balfe v. Gulf Oil Co.-Latin Am., 279 So. 2d 94, 95 (Fla. 3d DCA 1973). The rule precludes a successor judge from reviewing, modifying or reversing a final order or judgment in a cause made by his predecessor, as opposed to an interlocutory order. See Deemer v. Hallett Pontiac, Inc., 288 So. 2d 526, 527 (Fla. 3d DCA 1974) (explaining where one circuit judge has made an interlocutory order in a case, and for some reason is not able to continue to preside, another judge of the circuit court can vacate the prior order when the case is pending and has not gone to final judgment); see Tingle v. Dade Cnty Bd. of Cnty Comm'rs, 245 So. 2d 76, 78 (Fla. 1971)

---

[6] The only exception to the rule precluding successor judges from ruling on motions for rehearing is where there is a showing of fraud, mistake, or some exceptional changed circumstances. See Pratt v. Gerber, 330 So. 2d 552, 553 (Fla. 3d DCA 1976). Mayberg made no such showing, nor does he argue those conditions existed. In this case, the record shows no evidence of an error of law, mistake of fact, or fraud.

8

(successor judge may "vacate or modify the interlocutory rulings or orders of his predecessor in the case."); Wasa Int'l Ins. Co. v. Hurtado, 749 So. 2d 579 (Fla. 3d DCA 2000); see also Jauregui v. Bobb's Piano Sales & Serv., Inc., 922 So. 2d 303, 305 (Fla. 3d DCA 2006) (holding that "the successor judge lacked the power or authority to revisit, much less reverse, the previous decision on the merits."); Ice Legal, P.A. v. U.S. Bank Nat'l Ass'n, 182 So. 3d 858, 859 (Fla. 4th DCA 2016) ("After the sanctions order became final, the successor trial judge was without authority to alter it by assessing the sanctions against defense counsel and the homeowner."). See also Davis v. Fisher, 391 So. 2d 810, 811 (Fla. 5th DCA 1980) ("It is not the function of one trial judge to review another's judgment." (citing Groover v. Walker, 88 So. 2d 312 (Fla. 1956)); McBride v. McBride, 352 So. 2d 1254 (Fla. 1st DCA 1977); see also State v. Gary, 609 So. 2d 1291, 1293 (Fla. 1992) (holding successor judge had limited authority to issue orders inconsistent with his predecessor's rulings, those limits are necessary to promote the stability of decisions of judges of the same court and to avoid "unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function." (citations omitted)).

Here, the predecessor judge rendered a final judgment on the merits and was then reassigned to a different circuit court division. Thereafter,

Mayberg filed his motion for rehearing. In this circumstance, "[w]here the judge rendering a final judgment is not available to hear a motion for new trial or for rehearing, a hearing and ruling thereon by another or successor judge is not appropriate, . . . the proper procedure is to seek an appellate review of the judgment." Better Constr., Inc. v. Camacho Enters., Inc., 311 So. 2d 766, 767 (Fla. 3d DCA 1975). This Mayberg did not do.

With that in mind, we consider whether Mayberg waived his right to another evidentiary hearing on entitlement and amount of attorney's fees by waiting until a final judgment was rendered. Mayberg chose to appear unrepresented at the motion to determine entitlement despite clear notice that O'Neal sought fees from both Mayberg and Darling. Mayberg did not alert the trial court that he needed time to testify until the hearing was almost concluded. Even then, the trial court attempted to accommodate. Mayberg did not follow up with any request for additional time before the trial court ruled on entitlement. Instead, Mayberg waited for the ruling on entitlement, which was not in his favor. See Wong v. Crown Equip. Corp., 676 So. 2d 981, 982 (Fla. 3d DCA 1996) (noting plaintiff's counsel did not object to the argument at the summary judgment hearing nor did he ask for a continuance so that he might prepare to meet this "new" argument, and did not raise the subject point until after the trial court had granted the summary judgment, at

10

which time he filed a motion for rehearing and claimed surprise, waiving any procedural irregularity).

Further, the record shows that neither Mayberg nor his counsel raised any new points on the issue of entitlement in the rehearing of the final judgment before the successor judge. Under these circumstances, Mayberg is deemed to have waived the opportunity to raise error as to any aspect of the original entitlement hearing. See ESJ JI Operations, LLC v. Domeck, 45 Fla. L. Weekly D2484 at *1 (Fla. 3d DCA Nov. 4, 2020) (finding appellants were afforded ample opportunity to be heard, and due process was satisfied, and finding the record devoid of any evidence to show the parties' oral presentations were unduly hampered, restricted, or curtailed in any manner); Batista v. Batista, 553 So. 2d 1281, 1282 (Fla. 3d DCA 1989) (holding that "where the petition for rehearing merely reargues the case on points and facts found and considered in the prior hearing of the cause, then the petition for rehearing goes beyond its proper scope and it should be denied in any event, and if the Chancellor who entered the final decree has been succeeded, his successor is without authority on such basis to reverse his predecessor" (quoting Groover, 88 So. 2d at 315).

11

Finally, we address whether the predecessor judge abused her discretion in finding entitlement to section 57.105(1) fees as against Mayberg and conclude she did not.

Section 57.105 provides as follows:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

    (a) Was not supported by the material facts necessary to establish the claim or defense; or

    (b) Would not be supported by the application of then-existing law to those material facts.

When the requirements of section 57.105 are met and, as here, no exception applies, the statute directs that "the court shall award a reasonable attorney's fee.'" § 57.105(1) (emphasis added). Certainly, section 57.105 must be applied with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting "a chilling effect on use of the courts." Swan Landing Dev., LLC v. First Tenn. Bank Nat'l Ass'n, 97 So. 3d 326, 328 (Fla. 2d DCA 2012). In this instance, the predecessor judge supported her judgment order awarding fees with a detailed list of the sanctionable conduct committed by Darling and Mayberg, and the record

12

before us on appeal lacks any demonstration that the predecessor judge abused her discretion in adjudicating the issue of good faith.

We therefore reverse the final judgment entered by the successor judge and reinstate the final judgment entered by the predecessor judge awarding section 57.105 fees to O'Neal.

Reversed; original judgment reinstated.