311 So.2d 766 (1975)
BETTER CONSTRUCTION, INC., a Florida Corporation, Appellant,
v.
CAMACHO ENTERPRISES, INC., a Florida Corporation, Appellee.
No. 75-3.
District Court of Appeal of Florida, Third District.
April 29, 1975.
Rehearing Denied May 16, 1975.
*767 Seymour M. Litman and Jerry Kahn, Miami, for appellant.
Lopez & Harris, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal from an order granting a new trial, in an action for damages for breach of contract. On the trial, which was without a jury, the court entered a judgment holding the plaintiff was entitled to 45% of the profits from a certain joint venture, and reserving jurisdiction to enter judgment for the amount due following an audit of the records of the joint venture, for which audit the parties stipulated.
Following the audit a final judgment was entered against the defendant for the amount of the damages as determined thereby. The defendant moved for a new trial, challenging the correctness of the amount of the damages awarded because of claimed improper inclusion or exclusion of certain items in the accounting.
The circuit court judge who had tried the cause and entered the final judgment was unavailable to hear the motion for new trial because of his resignation. A successor judge heard the motion and ordered a new trial.
We find error, and reverse the order granting new trial on authority of Smith v. Mobley, 95 Fla. 829, 116 So. 760, and Groover v. Walker, Fla. 1956, 88 So.2d 312.
In Groover the Supreme Court said:
* * * "The Court is committed to the general proposition that a successor judge may not correct errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor." * * *
Further in Groover, as in Smith v. Mobley, supra, the Court stated that where the judge rendering a final judgment is not available to hear a motion for new trial or for rehearing, a hearing and ruling thereon by another or successor judge is not appropriate, but rather the proper procedure is to seek an appellate review of the judgment.
The appellee argues that the above stated rule is not applicable here, contending that the successor judge had jurisdiction to correct a mistake, and that the new trial was ordered because of mistake. That argument is without merit with respect to the instant case. This is so because the "mistake" claimed by appellee to be involved here was an incorrect accounting, a matter going to the merits determined by the final judgment.
In that connection, in Groover, commenting on the circumstances in Smith v. Mobley, supra, which were similar to those in the instant case, the Supreme Court said:
* * * "In Smith v. Mobley, 95 Fla. 829, 116 So. 760, a case involving the reversal of a final decree earlier entered by a circuit judge of another circuit sitting as a visiting circuit judge, this Court held that while rehearings are authorized in chancery causes, when parties are aggrieved by a decree an appeal should be taken rather than application made to another circuit judge, where no matters are presented that should be adjudicated by a circuit judge. The petition for rehearing upon which the decree was reversed by the resident circuit judge alleged that certain items were not allowed in the final decree of accounting, although they were `proved by undisputed testimony.' Thus the petition for rehearing did no more than take issue *768 with the Court on the correctness of its finding and decision in its final decree. The case is authority for the rule that such is not a proper matter to be presented to another circuit judge but is a matter properly reviewable by appeal. The rule would appear to be otherwise with respect to interlocutory orders or decrees." * * *
The final judgment in this case, which necessarily was set aside by the order granting a new trial, will become reinstated, effective on the date of the filing in the circuit court of our mandate on this appeal, and such judgment, as reinstated, would be subject to appellate review.
For the reason stated, the order granting a new trial is reversed, and the final judgment reinstated.
It is so ordered.