320 So.2d 841 (1975)
BARRINGTON HOMES OF FLORIDA, INC. and Robert Briscoe, D/B/a Bill Briscoe Mobile Homes, Appellants,
v.
James E. KELLEY and Norma J. Kelley, His Wife, Appellees.
Nos. 74-1171, 74-1181.
District Court of Appeal of Florida, Second District.
October 29, 1975.
*842 James L. Livingston, Sebring, for appellant Barrington Homes.
Mervin Rehrer, Avon Park, for appellant Briscoe.
No appearance by appellees.
McNULTY, Chief Judge.
Appellants appeal from a final judgment which sustained appellees' claimed right under the Uniform Commercial Code to revoke their acceptance of a purchased mobile home later found to be defective. We reverse.
Appellees purchased the mobile home in question pursuant to an installment contract with appellants at a purchase price of $16,600. Shortly after taking possession various defects in workmanship, assembly and appliance operations were discovered. Although appellees notified both appellants and received assurances of prompt repair, such repairs were not satisfactorily completed.
After delivering a "Notice of Revocation of Acceptance" to appellants, appellees moved out and filed this action to recover the purchase price paid plus interest. Judgment was entered allowing them to revoke acceptance of the mobile home and damages were awarded in the sum of $5,226.66. This appeal ensued.
Section 672.608, F.S. 1973, the applicable provision of the Uniform Commercial Code, provides as follows:

"Revocation of acceptance in whole or in part. 
(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it:
(a) On the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or
(b) Without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them." (Italics ours.)
Clearly, and assuming arguendo that the defects complained of herein are "non-conforming" within the meaning of § 672.106, F.S. 1973 (the applicable "definitions" section relating to sales), appellees may revoke their acceptance of the mobile home herein under the quoted section upon a showing that such non-conformity "substantially impairs its value" as to them. With respect thereto, the trial judge concluded in the final judgment appealed from as follows:
"In determining the question of non-conformity and substantial impairment as contained in the above cited section of Florida Statutes, the Court is of the opinion that it is necessary not only to take into consideration the impairment in value, but also take into consideration the financial ability of the plaintiffs to correct the defects.
"From the testimony presented it was suggested the repair of the defects would cost between $200.00 and $300.00, but this did not include the amount to close *843 the opening in the floor, the rear opening or the relocation of an air conditioning duct, all of which could cost an additional $200.00 to $300.00 or more.
"Counsel argued that the costs of repairs were not `substantial' when compared with the cost of the mobile home; however, the Court finds that the cost of repair was very `substantial' when compared with the plaintiffs' financial ability.
"Based upon the testimony as presented, it is the finding of the Court that there were defects in the mobile home which substantially impairs its value to the plaintiffs; that upon notice to the defendants of non-conformity some defects were cured but some defects were not cured, notwithstanding promises on the part of the defendants and each of them to cure said defects; that the remaining defects substantially impaired the value of the mobile home to the plaintiffs."
We are of the view that the court erred in considering as a viable test of "substantial impairment" the financial ability of the purchasers. Concededly, the impairment spoken of is that suffered by the purchaser himself which, of course, must be subjectively measured from the standpoint of the purchaser.[1] But it has nothing to do with the purchaser's financial ability or inability. As we see it, the "value" to the purchaser, with which the statute is concerned, is to be measured by the essential purpose to be served by the buyer's purchase of the goods in the first place. If such purpose is substantially frustrated or interfered with by "non-conformities," then, we think the "value" of the goods has been "substantially impaired" as to him within the contemplation of § 672.608, supra.
Here, the trial court made no subjective analysis of the buyers' purposes to be served by the purchase, which may be self-evident in the case of a mobile home, nor did he consider the extent to which these purposes would be impaired or frustrated by the specific defects or "non-conformities" complained of. Obviously, he considered the complained of defects per se to be the equivalent of the required impairment, and he measured the substantiality thereof by the financial ability of the buyers to cure them. We think he was wrong.
In view whereof, the judgment appealed from should be, and the same is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] See paragraph 2., Comment to § 672.2-608, as set forth in Vol. 19A, F.S.A. at p. 412.