WIGGINTON, Judge.
Williamson filed an action in Circuit Court to rescind a partnership dissolution agreement with Stephens. He also sought a “re-dissolution” by the court, and he asked for an accounting of partnership assets. Williamson now appeals the trial court’s dismissal, with prejudice, of his third amended complaint. We affirm.
The appellant argues, among other things, that without the relief sought he has no adequate remedy at law to rectify Stephens’ alleged breach of the partnership dissolution agreement. We disagree because of the availability of an action for breach of contract and concomitant damages. Cf. Rentz v. Granger & Lewis, 64 Fla. 445, 60 So. 221 (1912).
Cancellation or rescission will not be granted for breach of contract in the absence of some independent ground for equitable interference. Richard Bertram and Company v. Barrett, 155 So.2d 409 (Fla. 1st DCA 1963). We find no merit in Williamson’s contention that his allegations of fraud established this independent ground. The facts contained in the third amended complaint alleged, without the specificity required by Fla.R.Civ.P. 1.120(b), that Stephens committed a fraud when he breached the dissolution agreement. Under the circumstances of this case, that allegation is not an independent ground for rescission. See generally, Crown Ice Machine Leasing Company v. Sam Senter Farms, Inc., 174 So.2d 614 (Fla.2d DCA 1965). Therefore, we conclude that Williamson failed to state a cause of action for rescission.
We cannot construe the pleading as stating a cause of action for breach of contract and money damages because Williamson does not wish enforcement of any contract. To the contrary, he disclaims the existing agreement and instead seeks rescission. Although in his prayer for relief Williamson has requested “the balance found due and owing,” this refers to money or property found “owing” after his requested court-ordered statutory dissolution, and not from any breach of an existing contract.
Williamson also argues that he was entitled to an accounting pursuant to Section 620.725, Florida Statutes (1979). Without commenting on the applicability of Section 620.725, we reject this argument because the complaint requested an accounting by invoking Section 620.66(1), which is inapplicable to the facts as alleged.
Accordingly, the order of the trial court is affirmed.
ROBERT P. SMITH, Jr., C. J., concurs.
LARRY G. SMITH, J., dissents with written opinion.