427 So.2d 759 (1983)
ROYCO, INC., D/B/a Uncle Roy's Mobile Home Sales, Appellant,
v.
Jesse O. COTTENGIM and Mary H. Cottengim, His Wife, Appellees.
No. 82-449.
District Court of Appeal of Florida, Fifth District.
January 26, 1983.
Rehearing Denied March 10, 1983.
Frank C. Amatea, Ocala, for appellant.
C. John Coniglio, P.A., Wildwood, for appellees.
SHARP, Judge.
Royco, Inc., d/b/a Uncle Roy's Mobile Home Sales, appeals from a judgment, entered after a non-jury trial, which allowed the Cottengims (purchasers of a mobile home from Royco) to cancel a contract for the purchase of a mobile home and to recover the sums they had paid Royco. The trial court ruled the Cottengims had not accepted the mobile home; Royco had materially breached the sales contract; and the Cottengims could cancel the contract under section 672.711, Florida Statutes (1981), even though they had an adequate remedy at law (damages). We affirm.
The trial court found Royco had breached the sales contract in three respects:[1] failure to provide a mobile home with a beamed living room ceiling, as in the model shown to the purchasers when they ordered the home; failure to provide ceramic tile in the bathrooms, as in the model they were shown; and failure to provide a 36 inch-wide entry door to the mobile home. Mr. Cottengim is physically handicapped, and his wheelchair requires 36 inches for passage  a fact made known to Royco's salesman. The record is also clear that Royco refused to remedy these defects after the mobile home was delivered to the Cottengims, although it was given adequate time and opportunity to do so.
Although some pre-Code Florida cases held that rescission was not an available remedy to a buyer if the breach was curable by an award of damages,[2] the rule is clearly otherwise under section 672.711. It provides:

*760 (1) Where the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (s. 672.612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid:
(a) "Cover" and have damages under the next section as to all the goods affected whether or not they have been identified to the contract; or
(b) Recover damages for nondelivery as provided in this chapter (s. 672.713).
§ 672.711(1), Fla. Stat. (1981). This section imposes no condition or qualification on the buyer's right to cancel the contract where he rightfully rejects or justifiably revokes acceptance. He is no longer required to bring an equitable action for rescission,[3] and, as part of that remedy, prove that damages are an inadequate remedy.[4]
AFFIRMED.
COBB, J., and SMITH, C. McFERRIN, A.J., concur.
NOTES
[1] Although there is conflicting evidence on some of these points, we must accept the findings of the lower court. See Cuna Mut. Ins. Soc'y v. Adamides, 334 So.2d 75 (Fla. 3d DCA 1976).
[2] See Willis v. Flower, 102 Fla. 34, 136 So. 358 (1931); First Nat'l Bank of Leesburg v. MacKenzie, 100 Fla. 1674, 131 So. 790 (1931); Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614 (Fla. 2d DCA 1965). But see 28 Fla.Jur. Sales, § 215 (1968).
[3] 2 Anderson, Uniform Commercial Code § 2-711.18 (2d ed. 1971).
[4] See Zabriskie Chevrolet, Inc. v. Smith, 99 N.J. Super. 441, 240 A.2d 195 (N.J.Super.Ct.Law Div. 1968).