# KOSEN v CURTIS FIELD, INC.

## Case No. M-86-2145-S

County Court, Palm Beach County

March 24, 1986

### APPEARANCES OF COUNSEL

**Milton** and **Murial Kosen,** pro se.

**Steven Levy** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for non-jury trial on March 24, 1986. All parties were present and the Court heard sworn testimony and received documentary items into evidence. Based on the evidence received, the Court makes findings of fact and draws conclusions of law as follows:

On December 28, 1985, Plaintiffs purchased a sofa and a love seat

from Defendant. As stock items, the goods were available for immediate delivery. On January 4, 1986, Defendant delivered the items to Plaintiffs' home. The couch and love seat were wrapped in plastic. Mrs. Kosen visually inspected the goods at the time of delivery. She noticed no defects and gave Defendant a check for the remaining amount of the contract price.

Over the weekend, Plaintiffs noticed a noxious odor emanating from the furniture. The odor was described as "vomitous" and as being similar to "chicken mash." On Monday, January 6, Plaintiffs telephoned Defendant to complain about the odor. Defendant's customer service representative promised to arrange for someone to visit the home and investigate the complaint. All during January, the noxious odor persisted. Mrs. Kosen vacuumed and tried to air out the furniture but to no avail. The smell prevented Plaintiffs from entertaining and enjoying their home. On January 19, Plaintiffs wrote Defendant's president seeking to cancel the contract and to have Defendant remove the furniture.

On February 1, Defendant's service man came to smell the couch and love seat. His solution was to offer to spray the furniture with disinfectant, which Plaintiffs rejected due to Mrs. Kosen's allergic condition. On February 1, Plaintiffs again demanded that Defendant remove the items and tender a refund. Defendant offered to give Plaintiffs a credit for the items, which they refused since they were so unhappy with Defendant's service. At all times since February 1, the couch and love seat have been available for Defendant to remove, but Defendant has made no attempt to do so.

Plaintiffs accepted the goods on January 2. They thus are entitled to revoke their acceptance if (1) a nonconformity in the goods substantially impaired their value to Plaintiffs; (2) acceptance was reasonably induced by the difficulty of discovering the odor before acceptance and (3) revocation occurred within a reasonable time after discovery of the odor. § 672.608, Fla. Stat. (1985).

The couch and love seat here were "nonconforming" in the sense that they were unfit for the ordinary purposes for which such goods are used. Because Defendant is a "merchant" of furniture, its sale carried with it an implied warranty of merchantability. §§ 672.104(1), 672.314, Fla. Stat. (1985). It is axiomatic that couches emitting noxious odors are not merchantable within the meaning of Section 672.314. Measured from Plaintiffs' standpoint, the odor substantially impaired the value of the furniture to them. *See, Barrington Homes of Florida, Inc. v. Kelley*, 320 So.2d 841, 843 (Fla. 2d DCA 1975). While the odor

**19**

of "chicken mash" might be perfume to the nose of a chicken farmer, it is not conducive to the entertainment of guests in a condominium. Detection of the odor prior to Plaintiffs' acceptance of the goods was difficult under the circumstances. Upon delivery, the furniture was wrapped in plastic. The odor became more apparent during the 48 hours following delivery and worsened with increased humidity. Finally, unlike problems with material, a noxious odor is not the type of nonconformity one would usually associate with new furniture. There is no question that Plaintiffs' revocation of acceptance was both timely and effective. § 672.608(2), Fla. Stat. (1985). Accordingly, Plaintiffs were entitled to revoke their acceptance of the couch and love seat.

A buyer so entitled to revoke acceptance has the same rights and duties with regard to the goods involved as if he had rejected them. § 672.608(3), Fla. Stat. (1985). A buyer in physical possession of rejected goods "is under a duty after rejection to hold them with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them." § 672.602(2)(b), Fla. Stat. (1985). In this case, the furniture was at all times available for Defendant to remove it from the condominium. Having demonstrated the grounds for revocation of their acceptance, Plaintiffs were entitled to cancel the contract and to recover so much of the purchase price they paid. § 672.711(1), Fla. Stat. (1985). Defendant may not limit Plaintiffs' recovery to a credit on other goods from Defendant. The contract did not so limit Plaintiffs' remedies. Therefore, it is

ORDERED AND ADJUDGED that Plaintiffs MILTON KOSEN and MURIAL KOSEN recover from CURTIS FIELD, INC., the sum of $1,581.87 in principal, with court costs in the amount of $50.00, with interest at 12% per annum, for which let execution issue.

DONE and ORDERED in West Palm Beach, Florida this 24th day of March, 1986.