490 So.2d 1282 (1986)
John M. WINTERBOTHAM, III, et al., Appellants/Cross Appellees,
v.
COMPUTER CORPS, INC., Etc., Appellee/Cross Appellant.
No. 85-1086.
District Court of Appeal of Florida, Fifth District.
June 5, 1986.
Rehearing Denied July 15, 1986.
John P. McKeever, of Pattillo & McKeever, P.A., Ocala, for appellants/cross appellees.
Kenneth L. Mann and Mary E. Wilkes, of Kenneth L. Mann, P.A., Orlando, for appellee/cross appellant.
UPCHURCH, Judge.
This is an appeal and cross appeal from a final judgment determining that the Winterbothams were entitled to rescission in their breach of contract action. The Winterbothams filed suit against Computer Corps., Inc., doing business as Alpha Computer Center, for rescission of various contracts involving computer hardware and software purchased in 1980 through 1982 for a total of $27,229.58. The court below found that the software and an Apple computer purchased by the Winterbothams did not perform satisfactorily and granted rescission of the contract relating to these items. The court, however, found that an Alpha Micro computer purchased by the Winterbothams performed as expected and denied rescission of that portion of the contract. On appeal, the Winterbothams argue that the Alpha Micro hardware is useless without the software and since the court found that the software did not perform satisfactorily, then rescission of the hardware was also warranted. We agree.
Section 672.608(1), Florida Statutes (1985) of the Uniform Commercial Code provides as follows:
Revocation of acceptance in whole or in part
(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it:
(a) On the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or
(b) Without discovery of such non-conformity if his acceptance was reasonably *1283 induced either by the difficulty of discovery before acceptance or by the seller's assurances.
In Barrington Homes of Florida, Inc. v. Kelley, 320 So.2d 841 (Fla. 2d DCA 1975), the court held that, under section 672.608, "value" to the buyer is to be measured by the essential purpose to be served by the buyer's purchase of the goods in the first place. The court held that if such purpose is substantially frustrated or interferred with by the non-conformities, then the value of the goods has been substantially impaired as to him and the buyer is entitled to revoke his acceptance.
In the present case, the evidence clearly established that the Winterbothams, the owners of a horse-breeding farm, intended to computerize their operation because of extensive record keeping. Mrs. Winterbotham testified that with up to three hundred horses, the record keeping and billing was taking eighty-five percent of her time. The Winterbothams expressed their needs to all parties involved and it is clear that their primary purpose in purchasing a computer was to automate these records. The Winterbothams bought the software which was represented to accomplish this, the hardware needed to run the program, the printer, the paper and so on, all as part of one package. The Winterbothams did not buy a computer and software as separate entities. Rather, they essentially bought a solution to a business problem which consisted of various components such as software, hardware and printers. Without the software to run the computer, the value of the package was substantially impaired and the Winterbothams were entitled to revoke acceptance of the entire package.
We reverse the final judgment and remand with directions to enter a judgment entitling the Winterbothams to rescission of their contract for the Alpha Micro computer in addition to the other items previously awarded.
REVERSED and REMANDED.
ORFINGER and SHARP, JJ., concur.