503 So.2d 1351 (1987)
CENTRAL FLORIDA ANTENNA SERVICE, INCORPORATED, Appellant,
v.
A.M. CRABTREE, Jr., Appellee.
No. 86-415.
District Court of Appeal of Florida, Fifth District.
March 12, 1987.
*1352 James L. Richard, P.A., Ocala, for appellant.
A.M. Crabtree, Jr., P.A., Satsuma, for appellee.
SHARP, Judge.
Central Florida Antenna Service, Inc. appeals from a judgment wherein the trial court rescinded the sale of a satellite television system to appellee, Crabtree. The court granted this equitable remedy without consideration of section 672.608, Florida Statutes (1985), the provision in Florida's UCC which governs rescission in this case. Neither the final judgment nor the evidence indicate compliance with section 672.608. We reverse and remand.
The record[1] in this case shows that Crabtree went to Central's place of business to purchase a satellite system capable of producing stereo sound. Relying upon Central's employee's representations, Crabtree purchased a system for his home in 1983. Crabtree made numerous complaints about the quality of the stereo sound and clarity of the picture. But in December of 1984, one year after the purchase, Central adjusted and connected the equipment to Crabtree's satisfaction, and Crabtree paid the balance owed on the sale contract.
In April of 1985, Crabtree again complained that the equipment was not working properly. Central promised to make repairs, but due to Crabtree's absence from his home and other excuses, Central failed to do so. Crabtree then filed this lawsuit seeking rescission of the contract and refund of the purchase price, $3,749.75. He did not seek damages or other relief, although there was an existing eighteen-month warranty on defective parts.[2]
The final judgment rescinded the contract; ordered appellant to repay the purchase price less $989.75, which the court set off as a reasonable sum for Crabtree's use and enjoyment of the system; and awarded damages to Crabtree of $240.00 for repairs of the equipment. It specifically found the value of the system to be $1,000.00, and that it would cost Crabtree $3,000.00 to replace the system with one *1353 capable of producing quality stereo sound and video clarity.
Initially, we question the correctness of awarding Crabtree the extraordinary equitable remedy of rescission, since apparently an adequate remedy at law was available.[3] Rescission should not be granted if damages for breach of contract or warranty are available.[4] Here, there was no showing that a damage award based on the difference between the value of the defective system and the value of the system purchased would not have sufficed to make Crabtree "whole."
However, section 672.608, Florida Statutes (1985) entitled "Revocation of Acceptance," is controlling.[5] Article Two of the Code impacts on this case, whether or not the lower court or the parties were aware of it because the transaction falls within its scope and definition.[6]
Rescission in the context of this case is reworded by the UCC in section 672.608, Florida Statutes (1985) as follows:
672.608 Revocation of acceptance in whole or in part. 
(1) The buyer may revoke his acceptace of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:
(a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
(b) Without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them. (Emphasis added).
In this case, based on the stipulated record, Crabtree accepted the system by keeping it for in excess of a year, and paying for it in full after it was made to function to his satisfaction.[7] Thereafter, section 672.608 limited and controlled his ability to revoke his acceptance. By waiting until May of 1985 to seek rescission, having had possession and use of the system for one and a half years, Crabtree clearly did not act "within a reasonable time"[8] after discovering the systems's defects. In most cases the reasonableness of the delay is a fact question.[9] However here, Crabtree's one and a half year delay after knowledge of the system's problems forecloses his remedy of revocation as a matter of law.[10]
While a failure to properly reject goods may affect the amount of damages a buyer can recover, it does not preclude him from making a claim for breach of warranty. United States Fidelity & Guaranty v. North American Steel Corp., 335 So.2d 18 (Fla. 2d DCA 1976). In fact, a close look at *1354 the final judgment in this case indicates that while the trial court granted rescission, the court also granted damages for breach of express warranty under the UCC. It appears that breach of warranty or breach of contract issues were tried below, although not pled, and that Crabtree may be entitled to a money judgment on those grounds.
Accordingly, we reverse the judgment because there was no basis upon which to find a "revocation of acceptance" under section 672.608. However, this does not preclude the trial court from awarding damages under a claim of breach of warranty, if appropriate, and we remand this cause for further proceedings not inconsistent with this decision.
REVERSED AND REMANDED.
COWART, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent.
Because most, if not all, of the points for reversal were not presented to the trial court in any pleadings and because I do not believe this court should be in the business of fashioning pleadings and remedies for litigants, I must dissent.
The parties brought us no record, save a scanty stipulation as to what occurred below. The pleadings of appellant amount to a mere general denial  no mention of the UCC. The trial judge was not incorrect in his judgment based upon the pleadings, as the majority seems to indicate, and was not unjust in his judgment as the majority also seems to indicate, so I would affirm.
NOTES
[1] A "Stipulated Statement" of the evidence was made pursuant to Florida Rules of Appellate Procedure 9.200(b)(3) and 9.200(a)(3), as no record or report was made of the trial below.
[2] The express warranty provided:

18 month Warranty from 12-16-83. Central Florida Antenna Service, Inc. will replace any parts defective from date, within 24 hours. Except for lightning, hurricanes, tornadoes, or misuse.
[3] Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614, 617 (Fla. 2d DCA 1965), cert. denied, 180 So.2d 656 (Fla. 1965).
[4] See Williamson v. Stephens, 411 So.2d 286 (Fla. 1st DCA 1982); Duncan Properties, Inc. v. Key Largo Ocean View, Inc., 360 So.2d 471 (Fla. 3rd DCA 1978), appeal dismissed, 362 So.2d 1054 (Fla. 1978).
[5] Before granting rescission compliance with applicable UCC provisions must be shown. See Winterbotham v. Computer Corps, Inc., 490 So.2d 1282 (Fla. 5th DCA 1986); Royco, Inc. v. Cottengim, 427 So.2d 759 (Fla. 5th DCA), review denied, 431 So.2d 989 (Fla. 1983).
[6] §§ 672.102, 672.206, 672.201(1), Fla. Stat. (1985).
[7] § 672.606(1), Fla. Stat. (1985).
[8] See section 671.204 as to what constitutes a "reasonable time."
[9] Sherkate Sahami Khass Rapol v. Henry R. Jahn & Son, Inc., 701 F.2d 1049 (2d Cir.1983); Rowe Int'l, Inc. v. J B Enter., Inc., 647 F.2d 830 (8th Cir.1981).
[10] See e.g., Euroworld of California, Inc. v. Blakey, 613 F. Supp. 129 (S.D.Fla. 1985), aff'd, 794 F.2d 686 (11th Cir.1986).