523 So.2d 1186 (1988)
Ted BAIR d/b/a Quality Boats of Clearwater, Appellant,
v.
A.E.G.I.S. CORPORATION d/b/a Wellcraft Marine Corporation/California Yachts, Appellee.
No. 87-1748.
District Court of Appeal of Florida, Second District.
March 23, 1988.
Rehearing Denied April 25, 1988.
*1187 Gale Silbermann, Clearwater, for appellant.
Michael A. Smith, of Park, Smith, Dayton and Bugg, P.A., Clearwater, for appellee.
PARKER, Judge.
Bair appeals from the trial court's order setting aside its previous judgment, in which Bair was awarded $20,200 in total damages, and entering final judgment in favor of the appellee, A.E.G.I.S. Corporation d/b/a Wellcraft Marine Corporation (Wellcraft). We reverse the trial court's order and reinstate the earlier judgment.
Bair had been in the business of selling boats for thirteen years. In September 1981, he purchased a 34-foot boat from Wellcraft to be sold at Bair's place of business in Clearwater. Soon after delivery, Bair noticed that rainwater was leaking through the windows into the boat's interior. Bair notified a Wellcraft representative, who agreed to send someone from the factory to remedy the problem.
In December 1981, Bair took the boat to an exhibition show in St. Petersburg, where a Wellcraft representative personally inspected the leakage and informed Bair that the problem was serious and would have to be attended to by an employee from Wellcraft's factory in Sarasota. Meanwhile, Bair and his staff caulked the windows in an attempt to prevent further interior damage. The problem persisted and eventually worsened. Bair continued to request Wellcraft to honor its promise to make the necessary repairs, but despite repeated assurances by Wellcraft, no repairs were made until May 1983. By this time, the leaking water had severely damaged the boat's wooden interior and collected inside the bulkheads. This condition of delamination was borne out by a survey conducted by Robert Watson, a marine surveyor, who examined the boat at the request *1188 of a potential purchaser. Watson testified that in his opinion neither an insurance company nor a finance company would agree to insure or finance the purchase of the boat until these defects were corrected.
It was not until Bair reported Watson's findings to Wellcraft in May 1983, that Wellcraft first sent its agent to Bair's place of business to perform the necessary repairs. Wellcraft requested Bair to return the boat to Wellcraft's Sarasota factory for servicing. Bair complied and delivered the boat to Wellcraft's plant in late May 1983, where it remained for four months.
When the boat was returned to Bair, he noted that the interior wood which had been replaced by Wellcraft did not match the remaining wood in the boat. Unable to obtain a satisfactory response from Wellcraft concerning further repairs, Bair revoked his acceptance of the boat on September 26, 1983.
Bair then filed a complaint seeking revocation of acceptance, breach of contract and breach of express and implied warranties. The trial court granted Wellcraft's motion for summary judgment upon the issues of breach of contract and breach of express or implied warranties, and the case proceeded to trial solely upon the claim for revocation of acceptance.
After a nonjury trial, the trial court found that Bair's revocation of acceptance was effective and entered judgment for Bair awarding him $20,000 in damages, plus $200 for out-of-pocket expenses he incurred in making repairs. Both parties filed motions for rehearing. Bair's motion sought recovery of incidental and consequential damages previously denied by the trial court. Wellcraft, through its motion, in turn, urged the trial court to reconsider its previous finding that Bair had properly revoked acceptance of the boat in light of the recent decision of Central Florida Antenna Service, Inc. v. Crabtree, 503 So.2d 1351 (Fla. 5th DCA 1987). Under the authority of Crabtree, the trial court set aside its earlier decision and entered judgment for Wellcraft.
Bair asserts that the trial court erred upon three grounds. First, Bair contends the trial court's entry of summary judgment for Wellcraft on the claims for breach of implied and express warranties was error. We do not reach and do not discuss this issue since the following points are dispositive of this appeal.
As his second point, Bair maintains that the trial court committed error when it entered judgment for Wellcraft relying upon Crabtree. We agree.
Crabtree involved the purchase of a satellite system by a consumer, Crabtree, from Central. Crabtree made numerous complaints to Central between the time the system was originally installed in 1983 and December 1984, when Central performed certain adjustments and corrections on the equipment to Crabtree's satisfaction. After these repairs were made, Crabtree paid the remaining balance due for purchase of the system and did not complain again until April 1985. Central promised to make the necessary repairs but failed to do so. Crabtree then filed suit seeking to rescind the contract of sale.
The trial court granted Crabtree's claim for rescission and the fifth district reversed, finding that Crabtree had failed to revoke his acceptance of the system within a reasonable time as required by the U.C.C. provision codified under section 672.608(2), Florida Statutes (1985).[1] Applying that statute, the Crabtree court concluded that Crabtree's actions in keeping the system for about one year and a half after discovering the system's defects and paying for it in full once it was made to function to his satisfaction, did not result in his revoking acceptance within a reasonable time.
Wellcraft also relies on Euroworld of California, Inc. v. Blakey, 613 F. Supp. 129 *1189 (S.D.Fla. 1985), aff'd, 794 F.2d 686 (11th Cir.1986). There, a buyer's revocation of acceptance of a trade-out agreement involving airplane engines, which occurred nine months after delivery of the engines was held not to be reasonable, thereby precluding that as an affirmative defense. The evidence in that case indicated the purchaser did not inspect the engines until four months after delivery, and made no complaints regarding the condition of the engines for a nine-month period following their delivery. The court concluded that the purchaser's delay in inspecting the engines and advising Euroworld of any problems evidenced the purchaser's acceptance of the agreement, not the converse  revocation of acceptance.
We find that neither Crabtree nor Euroworld applies to the present facts. The distinguishing factors here are that soon after delivery, Bair inspected the boat and promptly advised Wellcraft of the leakage problem. In addition, Bair continually complained to Wellcraft regarding the boat's problem from the time it was discovered to the moment he revoked his acceptance. Bair was further led to believe that Wellcraft would repair the boat. See Ford Motor Credit Co. v. Harper, 671 F.2d 1117 (8th Cir.1982) (buyer should not be penalized for continued patience with a seller who promises or repeatedly attempts to make good a nonconforming delivery, so that a 17-month delay in revoking acceptance was reasonable).[2] While Wellcraft finally did make an attempt to correct the boat's defects, Bair never indicated that he was satisfied with Wellcraft's repairs. Therefore, under the facts of this case, we cannot say that Bair's two-year delay in revoking acceptance of the boat was not a reasonable time as required under section 672.608. Id.
Lastly, Bair argues that he is entitled to incidental and consequential damages, including insurance costs and finance charges, to the extent that these expenses were occasioned by Wellcraft's failure to cure the boat's defects, thereby impeding its sale. Section 672.608(3), Florida Statutes (1985) provides that "[a] buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them." Under the remedy provision section 672.715(1) Bair is entitled to recover incidental damages which "include expenses reasonably incurred in ... care and custody of goods rightfully rejected." See Lanners v. Whitney, 247 Or. 223, 428 P.2d 398 (1967) (interpreting similar language to that quoted above so as to allow recovery of ground insurance charges on aircraft as incidental damages).
In addition, Bair's cost of financing the purchase of the boat can be awarded as consequential damages but only to the extent that Wellcraft had reason to know, at the time the parties entered into the contract of sale, that Bair intended to borrow the amount to finance the purchase. Schatz Distributing Co. v. Olivetti Corp. of America, 7 Kan. App. 2d 676, 647 P.2d 820 (1982) (applying the same U.C.C. provision as adopted under section 672.715(2), Florida Statutes (1985)[3]). While from the limited record on this point it appears that Wellcraft had some knowledge by virtue of an invoice that the boat was being financed by Bair, that question remains to be decided by the trier of fact since the trial court restricted Bair's ability to present such evidence. Id.
In so holding, we reject Wellcraft's argument that Delhomme Industries, Inc. v. Houston Beechcraft, Inc., 735 F.2d 177 (5th Cir.1984), prohibits recovery of these damages. Delhomme, unlike the present case, involved a breach of warranty action, in which the court noted that the buyer would have incurred the insurance and finance charges even if the product or goods *1190 had been as warranted. The insurance and finance payments in Delhomme were held to be incident to the buyer's owning, maintaining, and using an aircraft and not to the seller's breach. Conversely, it cannot be said here that if the boat had been delivered free of major defects, Bair would have had to pay for two years of insurance and finance charges, since under those circumstances the boat would have been more readily salable.
Accordingly, we reverse and remand the case with instructions that the trial court reinstate the judgment awarding Bair $20,200. We further direct the trial court to determine the portion of insurance and finance costs Bair was compelled to pay as a result of defects which prevented the sale of the boat, and to award those sums to Bair as consequential and incidental damages.
CAMPBELL, A.C.J., and LEHAN, J., concur.
NOTES
[1] Section 672.608, Florida Statutes (1985), provides in pertinent part:

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
[2] The court's decision in Ford Motor, 671 F.2d at 1117, was grounded upon section 85-2-608, Arkansas Statutes Annotated, which contains language identical to that of section 672.608.
[3] Pursuant to section 672.715(2), Florida Statutes (1985), consequential damages include:

(a) Any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise.