537 So.2d 1015 (1988)
MONEY MORTGAGE AND INVESTMENT CORP., Appellant,
v.
CPT OF SOUTH FLORIDA, INC., Appellee.
Nos. 87-2075, 87-3116 and 88-147.
District Court of Appeal of Florida, Third District.
November 15, 1988.
As Revised on Motion for Clarification December 27, 1988.
Stipulation of Dismissal Recognized February 15, 1989.
*1016 Levine, Busch, Schnepper & Stein and Barry Stein, Miami, for appellant.
Haddad, Josephs & Jack and Jose M. Herrera and Denise V. Powers, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.

ON MOTION FOR CLARIFICATION

REVISED OPINION
BASKIN, Judge.
Money Mortgage and Investment Corporation [Money Mortgage] seeks reversal of a final judgment and orders awarding costs and attorney's fees entered in favor of CPT of South Florida, Inc., [CPT] in an action to recover damages for breach of contract. We reverse.
Relying on Central Fla. Antenna Serv., Inc. v. Crabtree, 503 So.2d 1351 (Fla. 5th DCA 1987), the trial court ruled that Money Mortgage's delay of eighteen months before claiming a breach of its contract was unreasonable and precluded it from filing an action predicated on breach of contract. The trial court's ruling was erroneous. Money Mortgage promptly informed CPT that the computer and software CPT delivered did not conform to the parties' agreement. During the next eighteen months, CPT attempted to cure the problem by creating a computer program acceptable to Money Mortgage. When these efforts failed, Money Mortgage revoked its acceptance. The evidence demonstrates that Money Mortgage did not delay unreasonably in asserting that CPT breached its contract, but promptly notified CPT of the defects in the software and gave CPT ample time to remedy the matter. See Bair v. A.E.G.I.S. Corp., 523 So.2d 1186 (Fla. 2d DCA 1988), review denied, 531 So.2d 1355 (Fla. 1988). Furthermore, despite eighteen months of performing modifications, CPT was unable to conform the computer system to Money Mortgage's stated needs, clearly demonstrating its breach of both contract and warranty obligations. We therefore reverse the trial court's Final Judgment and its judgments awarding costs and attorney's fees. We remand for a new trial solely as to damages.
Our resolution of this issue makes it unnecessary for us to reach the other points raised on appeal.
REVERSED AND REMANDED.