PER CURIAM.
This is an appeal from a default final judgment and the trial court’s denial of appellant’s motion to vacate the underlying default. We affirm.
Appellant initially complains because a number of different judges entered orders in the cause without the circuit’s chief judge having assigned them to the case or the case to their division. This case originally was assigned to the late Judge Stephen Booher of the 19th division of the Seventeenth Judicial Circuit, in and for Broward County. During Judge Booher’s illness and after his unfortunate passing, several different judges, apparently covering for Judge Booher and for each other, signed various orders in the cause. We disagree with appellant’s notion that judges to whom the case was not administratively assigned lack jurisdiction to enter orders thereon. The Supreme Court of Florida has stated that the “identity of the Court is not disturbed by a succession in the identity of the person of the Chancellor exercising its authority and functions.” Groover v. Walker, 88 So.2d 312, 314 (Fla.1956). As this court remarked in In re Guardianship of Bentley, 342 So.2d 1045, 1046-47 (Fla. 4th DCA 1977),
The Circuit Court has jurisdiction as prescribed by the Constitution and general law. See Article V, Section 5, Florida Constitution, and Section 26.012, Florida Statutes (1975). All of the judges of the Circuit Court are authorized to exercise that Court’s jurisdiction. However, for efficiency in administration, the Circuit Court is frequently divided into divisions, with each division handling certain types of cases. Judges and cases can both be transferred from one division to another....
The intra-circuit transferring of cases from one judge to another, whether within a designated division or between different divisions, is a matter of internal administration of the court and does not affect the validity of orders or judgments entered. Even where as here, the transfer is done somewhat informally and not in strict compliance with the established administrative rules of the circuit, the question is not one of jurisdiction.
The remaining points raised by appellant are without merit and do not show reversible error. But, appellant raises the contention that the amount sworn to in the affidavit of indebtedness and awarded to appellee in the judgment was actually paid prior to the submission of the affidavit to the court and entry of the default judgment. If the appellant can prove such a charge, he may be able to file a proper rule 1.540 motion to set aside the judgment. The court makes this observation simply to indicate that the opinion in this case is entered without prejudice to file such a motion.
AFFIRMED.
ANSTEAD, WARNER, JJ., and STEVENSON, W. MATTHEW, Associate Judge, concur.