PER CURIAM.
We affirm that portion of the order under review that transferred this case to the appropriate division of the circuit court. We reverse, however, that portion of the order that vacated “all previous Orders entered in this case” and required the appellant to recommence all actions “ab initio” in the appropriate division.
The law is clear that “the intracir-cuit transferring of cases from one judge to another, whether within a designated division or different divisions, is a matter of internal administration of the court and does not affect the validity of orders or judgments entered.” Pantoja v. Reliable Trucking, Inc., 585 So.2d 955, 956 (Fla. 4th DCA 1991). Additionally, “a successor judge may not cor *906 rect errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor.” Groover v. Walker, 88 So.2d 312, 313 (Fla.1956). Consequently, the trial court erred when it vacated all previous orders entered in this case on the basis that they had been heard or entered in the wrong circuit court division.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.