866 So.2d 158 (2004)
Teddy Ray FRYATT and Phillips Inventory Ser., Appellants,
v.
LANTANA ONE, LTD., Appellee.
No. 1D02-3872.
District Court of Appeal of Florida, First District.
February 19, 2004.
William H. Stafford, III, Esq. of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellants.
Steven J. Baker, Esq., Pensacola, for Appellee.
PER CURIAM.
Appellants, Teddy Ray Fryatt and Phillips Inventory Services, Inc., seek review of the trial court's final judgment finding in favor of appellee, Lantana One, Ltd., on four causes of action. We affirm as to the first three issues on appeal without discussion. As to the final issue on appeal, we reverse and remand with instructions that the trial court strike from the final judgment *159 the $10,000 damages awarded as lost time for appellee's employee.
Appellee purchased a computer system, which did not function properly, for his retail outlet stores from appellants. The trial court properly found that appellee rightfully revoked acceptance of the computer system. Where the buyer rightfully revokes acceptance, the buyer is entitled to the purchase price that has been paid. § 672.711(1), Fla. Stat. (2002). Trial testimony revealed that appellee purchased the computer system from the appellants for three of its stores for a total price of $22,000. Thus, the trial court properly awarded damages of $22,000. See § 672.711(1), Fla. Stat.
However, the trial court erred in awarding appellee an additional $10,000 in damages as a "reward" for the efforts of Francine Armstrong, an employee of appellee, in attempting to get the system operating properly. A buyer is entitled to incidental damages, which include expenses reasonably incurred in inspection, receipt, transportation, and care and custody of rightfully rejected goods, and consequential damages, which include any foreseeable and unavoidable loss resulting from the breach. § 672.715(1),(2), Fla. Stat. (2002). Here, however, the trial court found that appellee incurred no expense in attempting to get the system installed and operating properly. Because Mrs. Armstrong received a salary from appellee for her work, appellee did not incur additional cost for Mrs. Armstrong's labor. Nevertheless, Mrs. Armstrong determined that she contributed approximately $10,000 worth of her services to working on the system. Mrs. Armstrong testified that employee productivity was affected, but she did not explain how productivity was affected and whether appellee incurred a loss as a result thereof. Moreover, appellee did not make a claim of lost sales or profits due to the system errors. Because appellee did not incur any additional expense, or suffer a loss, as a result of Mrs. Armstrong's efforts to get the system operating properly, appellee is not entitled to damages for Mrs. Armstrong's efforts. See § 672.715(1),(2), Fla. Stat.
Accordingly, the trial court's final judgment is reversed only as to the $10,000 in damages awarded for Mrs. Armstrong's "lost time," and the cause is remanded with instructions for the trial court to strike this damages provision.
AFFIRMED, in part; REVERSED, in part; and REMANDED.
BOOTH, BENTON and LEWIS, JJ., Concur.