SCHWARTZ, Senior Judge.
The plaintiff purchased a piano from the defendant which was represented to be in new condition but was delivered with unacceptable damage. He appeals from the judgment of a successor judge vacating a judgment[1] of his predecessor in plaintiffs favor for the return of the purchase price *305 from the defendant (and that of the piano to the defendant) and found instead that he had sustained no recoverable damages.[2]
For two reasons, we vacate the post-judgment judgment on appeal with directions to reinstate the previous one.
I.
First, it is quite obvious that the successor judge lacked the power or authority to revisit, much less reverse, the previous decision on the merits. See Groover v. Walker, 88 So.2d 312 (Fla.1956); Dep’t of Revenue v. Riley, 684 So.2d 905 (Fla. 3d DCA 1996); Better Constr., Inc. v. Camacho Enters., Inc., 311 So.2d 766 (Fla. 3d DCA 1975), cert. denied, 325 So.2d 8 (Fla.1975).
II.
Second, and more important, the judgment on review was erroneous as a matter of law. It is based on the rationale that because, even in its defective condition, the piano was worth as much or more than plaintiff actually paid, no actionable damages had been sustained for breach of the contract for purchase and sale. See Carter Hawley Hale Stores, Inc. v. Conley, 372 So.2d 965 (Fla. 3d DCA 1979). It is the law, however, as reflected in the judgment rendered by the actual trial judge, that, in a case such as this one, the purchaser of non-conforming goods like the offending piano retains the option to claim either the difference in value or, as plaintiff clearly did in this case, in effect, to cancel the deal and get his money back. See §§ 672.711, .714, Fla. Stat. (2005); Fryatt v. Lantana One, Ltd., 866 So.2d 158 (Fla. 1st DCA 2004); Winterbotham v. Computer Corps, Inc., 490 So.2d 1282 (Fla. 5th DCA 1986); Royco, Inc. v. Cottengim, 427 So.2d 759 (Fla. 5th DCA 1983), review denied, 431 So.2d 989 (Fla.1983); Carter Hawley Hale Stores, Inc., 372 So.2d at 965; see also Music Acceptance Corp. v. Lofing, 32 Cal.App.4th 610, 39 Cal.Rptr.2d 159 (1995)(applying rule to delivery of defective piano). This principle is based on the common sense idea that the purchaser is entitled to receive what he wanted to buy and pay for and that the seller is not free to supply any non-conforming item she wishes just so long as the deviant goods are worth just as much. See §§ 672.106(2), .601, .608, Fla. Stat. (2005); Barrington Homes of Fla., Inc. v. Kelley, 320 So.2d 841 (Fla. 2d DCA 1975). The initial judgment properly reflects this ethic and is therefore reinstated.[3]
Accordingly, the judgment under review is reversed and the cause remanded with directions and for further proceedings consistent herewith, including the assessment of attorneys’ fees in plaintiffs favor under the pertinent provision of the sales agreement.[4]
Reversed and remanded.

.Judge Harnage's original judgment provides:
THIS CAUSE came on for non-jury trial before me on October 27, 28, and December 8, 2004, with closing arguments on December 16, 2004. After hearing the testimony of the witnesses, reviewing the evidence presented, and reviewed argument of counsel (and in conformance with my oral ruling in open court on December 16, 2004), I find for the Plaintiff, Jorge Jaure-gui, and enter this Final Judgment against the defendant, Bobb’s Piano Sales and Service, Inc.
While not a complete or exhaustive detailing of the facts found and legal conclusions made, the rationale for this ruling and adjudication follow:
1. On November 11, 2001, the parties entered into a contract for sale and purchase of a new piano for $24,282.00, a certain Kawai RX5 piano, Serial No. 2392719.
2. Reviewing the documentary, evidence, juxtaposing it with the testimony before me in open court, I conclude that this is not a “buyer's remorse” situation. The plaintiff, whom I find credible, has shown, even by clear and convincing evidence, that the piano delivered was not new.* I reach this conclusion — even though the piano may have qualified for the manufacturer’s new piano warranty — from my own observation of the video taken almost contemporaneously with the delivery, along with the un-controverted fact that this piano was in inventory almost a year (admittedly having been moved at least six to eight times) and, the Defendant's acknowledgment that the piano needed repairs.
3. One striking item of evidence was the Defendant’s own April 10, 2002 letter; I listened to Mr. Messingschlager's testimony about it, including the role of his mother in the preparation of the letter. There are at least four references in this letter, which he sent back to the Florida Department of Agriculture and Consumer Services, that discuss, or reference, necessary repairs.
4. Further, I accept the compelling testimony of Mr. William Atkinson, who was in a unique position as he was both a fact witness and an expert witness in certain areas.
5. As specific performance is no longer a cause of action in this litigation, the damages incurred by the Plaintiff in not receiving a new piano [regardless of the serial number] can only be rectified by entry of a money judgment.
THEREFORE, it is ORDERED and ADJUDGED that:
A. Final Judgment is entered for Plaintiff. Defendant Bobb’s Piano Sales and Service, Inc., shall pay to the Plaintiff, Jorge Jauregui, the sum of the contract price of $24,282.00, which shall bear interest at the statutory rate until paid, for which sum let execution issue;
B. Plaintiff Jorge Jauregui shall return the delivered piano, a Kawai RX5, Serial No. 2392719 to Defendant Bobb’s Pianos & Organs of Miami, Inc. Defendant will be responsible for paying for the removal of the piano from Plaintiff’s home. Mr. Jaure-gui shall make the piano available for removal, with advance notice, at a reasonably convenient time for the parties;
C. As the contract allows for attorneys fees arid costs to the prevailing party, the plaintiff is entitled to fees and costs, which sums are to be included in the damages awarded; and
D. The attorneys' fees and costs will be determined by a successor judge. Jurisdiction is reserved for the assessment of the amount of attorney’s fees and costs to be awarded.

.The amended final judgment included an additional finding that the value of the piano was $24,282.00, and provided, in pertinent part: "Final Judgment is entered for Plaintiff. Plaintiff has established that Defendant breached the contract between the parties. Plaintiff, however, takes nothing in damages.”

. We agree with plaintiff that the amount of the judgment should be increased by $1248, the amount of sales tax and delivery charge paid by plaintiff, which was inadvertently omitted.

. The contract states:
In the event it is necessary to pursue litigation or court proceedings to enforce any of *306 the terms, conditions or covenants in this agreement, the prevailing party shall be entitled to costs of suit, costs in all trials or appellate courts, reasonable attorneys’ fees, and all other expenses connected therewith.