SHEPHERD, J.,
dissenting.
I respectfully dissent. This is an appeal from a non-final order by a successor trial judge granting rehearing and vacating a predecessor judge’s “Order of Final Judgment,” which provided that the appellants, the City of Miami and the Miami Sports and Exhibition Authority (MSEA), were entitled to final judgment on Count II of their counterclaim and issuance of a writ of immediate possession of the leasehold estate from the appellee, Chalks Airlines, Inc. The successor trial judge entered the order on appeal on motion of Chalks Airlines, on the basis the predecessor judge “abused his discretion” by entering final judgment while Chalks Airlines was in the process of obtaining substitute counsel. Whatever may be the merits of the trial court’s decision, it is settled law in this state that when a predecessor judge enters final judgment, “a successor judge may not correct errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor.” Better Constr., Inc. v. Camacho Enters., Inc., 311 So.2d 766, 767 (Fla. 3d DCA 1975) (quoting Groover v. Walker, 88 So.2d 312, 313 (Fla.1956); see also Jauregui v. Bobb’s Piano Sales & Serv., Inc., 922 So.2d 303, 305 (Fla. 3d DCA 2006); Batista v. Batista, 553 So.2d 1281, 1282 (Fla. 3d DCA 1989). The proper procedure for Chalks Airlines to seek relief from the final judgment was to seek appellate review. See Better Constr., Inc., 311 So.2d at 767 (“[W]here the judge rendering a final judgment is not available to hear a motion for new trial or for rehearing, a hearing and ruling thereon by another or successor judge is not appropriate, but rather the proper procedure is to seek an appellate review of the judgment.”). Thus, I would reverse the successor trial judge’s order granting rehearing and vacating the original final judgment.