# Third District Court of Appeal

## State of Florida

Opinion filed August 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1874
Lower Tribunal No. 23-17703
_____


**Aymara Sorhegui,**
Appellant,

vs.

**Park East Home Owners Association, Inc.,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Aymara Sorhegui, in proper person.

Becker & Poliakoff, P.A., and Lilliana M. Farinas-Sabogal, for appellee.


Before EMAS, MILLER, and GOODEN, JJ.

MILLER, J.,

In this garden-variety quiet title action, a former condominium unit owner, appellant, Aymara Sorhegui, challenges a final summary judgment rendered in favor of her condominium association, appellee, Park East Home Owners Association, Inc., after it acquired title to her unit by virtue of a sheriff's deed. Appellant raises three claims of error on appeal, none of which warrant reversal.

We write only for the benefit of the parties, whose familiarity with this case obviates the need for a labored recitation of the underlying facts and procedural history. After obtaining two final judgments in unrelated litigation against appellant, the Association levied upon the unit. It obtained title to the property pursuant to a sheriff's deed and then sought to clear and remove any cloud from title. The trial court granted summary judgment in favor of the Association, extinguishing any interest appellant had in the property.

The first issue on appeal is whether the lower tribunal erred in proceeding with the summary judgment hearing without first adjudicating a motion for more definite statement. Having carefully considered the contents of the outstanding motion, nature of the allegations, litigation history, and summary judgment record, we discern no abuse of discretion in the decision to proceed. See Fla. R. Civ. P. 1.510(b) ("A party may move for summary judgment at any time after the expiration of 20 days from the commencement

of the action or after service of a motion for summary judgment by the adverse party."); In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 194 (Fla. 2020) (observing summary judgment is purposed to "'isolate and dispose of factually unsupported claims or defenses'") (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986)).

The next issue concerns the propriety of the intra-circuit transfer of the case by the civil administrative judge. "The law is clear that 'the intra[-]circuit transferring of cases from one judge to another, whether within a designated division or different divisions, is a matter of internal administration of the court and does not affect the validity of orders or judgments entered.'" State, Dep't of Revenue, Child Support Enf't v. Riley, 684 So. 2d 905, 905 (Fla. 3d DCA 1996) (quoting Pantoja v. Reliable Trucking, Inc., 585 So. 2d 955, 956 (Fla. 4th DCA 1991)). Moreover, "[l]itigants have no standing to enforce internal court policy and have no right to have any particular judge hear their case." Rodriguez v. State, 919 So. 2d 1252, 1278 (Fla. 2005). In this vein, "[t]he mere departure from a random assignment procedure is insufficient to overturn a decision; a litigant must establish prejudice from any improper judicial assignment." Id. (citing Jonathan L. Entin, The Sign of "The Four": Judicial Assignment and the Rule of Law, 68 Miss. L.J. 369 (1998)); see also Kruckenberg v. Powell, 422 So. 2d 994, 996 (Fla. 5th DCA 1982) ("[L]itigants

3

have no right to have, or not have, any particular judge of a court hear their cause and no due process right to be heard before any assignment or reassignment of a particular case to a particular judge."). Because the record before us is devoid of any showing of either irregularity or prejudice, we impute no error to the transfer.

The last issue relates to the legal sufficiency of a motion for disqualification appellant filed immediately prior to the summary judgment hearing. In earlier prohibition proceedings, this court rejected the legal sufficiency of the same motion. See Sorhegui v. Park E. Home Owners Ass'n, Inc., 360 So. 3d 790, 791 (Fla. 3d DCA 2023) (Sorhegui I). It is well-established that

> unelaborated orders denying relief in connection with all extraordinary writ petitions . . . shall *not* be deemed to be decisions on the merits which would later bar the litigant from presenting the issue under the doctrines of res judicata or collateral estoppel unless there is a citation to authority or other statement that clearly shows that the issue was considered by the court on the merits and relief was denied.

Topps v. State, 865 So. 2d 1253, 1258 (Fla. 2004) (emphasis in original). Because the converse is equally true, our elaborated decision in Sorhegui I bars any further review of the motion. See Sorhegui I, 360 So. 3d at 791. Accordingly, we affirm the final judgment under review.

Affirmed.

4