CARROLL, Judge.
This is an appeal by the defendants below from an order granting a motion of *518 the plaintiffs to set aside a final judgment of dismissal.
The plaintiffs filed a complaint for declaratory judgment expressing doubt as to the rights of the parties under a written trust agreement, a copy of which was attached. The defendants moved to dismiss upon certain grounds, including a contention that the matter presented was not cognizable under the declaratory judgment statute. The motion was granted, and an order was entered dismissing the complaint with leave to amend. The amended complaint which was filed was substantially similar to the original complaint. The defendants again moved to dismiss, on the same grounds.
The judge of the circuit court of Dade County before whom the cause was pending entered two orders dismissing the complaint, both dated March 18, 1970. In each it was recited plaintiffs had conceded the complaint did not state a cause of action under the declaratory decree statute.[1] One of the orders stated that the dismissal was with prejudice.
No appeal was taken from either of those orders. After that judge had resigned and a successor had been appointed, the plaintiffs filed a motion to set aside the prior dismissal. That motion recited that it was filed under Rule 1.540 F.R.C.P., 31 F.S.A. The ground stated therein was that the order of March 18, 1970, which had dismissed the cause “with prejudice” had not referred to the motion to dismiss, but had been entered solely on the point that the amended complaint did not state a cause of action under the declaratory decree statute.
The motion to set aside the prior dismissal of the cause did not present any of the grounds which are enumerated in Rule 1.540 F.R.C.P. as grounds for seeking relief from a judgment. The motion represented an effort to have the successor judge reverse the final judgment of dismissal with prejudice which had been entered by his predecessor on the court. Nothing new was presented by the motion, which was not before the court at the time the cause was dismissed. The motion was inappropriate, and the order vacating the prior judgment of dismissal constituted error. See Smith v. Mobley, 95 Fla. 829, 116 So. 760; Groover v. Walker, Fla.1956, 88 So.2d 312. In the latter case, quoting from Lawyers Co-op. Pub. Co. v. Williams, 149 Fla. 390, 5 So.2d 871, 872, the Supreme Court said: “A successor judge generally cannot review, modify or reverse, upon the merits, on the same facts, the final orders of his predecessor unless there exists some special circumstances such as mistake or fraud perpetrated on the court.” Additionally, as shown by the recitations in the two orders of dismissal, which are quoted in footnote No. 1, it had been conceded by or on behalf of the plaintiffs that dismissal was proper, on the ground upon which the dismissal was entered. For that reason the plaintiffs were not in a position later to seek vacation or reversal of the dismissal judgment.
*519 From the wording of the motion to set aside the prior order of dismissal it appears that plaintiffs’ main concern was over the fact that dismissal of the cause had been with prejudice. However, the dismissal of the amended complaint for failure to state a case for declaratory judgment was not a ruling on the merits of any dispute between the parties under the written instrument involved, nor would it operate to bar causes of action which might accrue to the parties thereto, other than apparently to preclude the plaintiffs from seeking declaratory judgment regarding their rights under the instrument.
In the circumstances of this case, for the reasons assigned, the order vacating the judgment of dismissal is reversed.

. One of the two orders of March 18, 1970, contained the following recitations :
“This cause came on to be heard on the Defendant’s Motion to Dismiss for the Plaintiff’s failure to state a cause of action under the Declaratory Decree Statute, said matter having been previously dismissed on the same grounds with leave to amend, and said Amendment having been filed, and that Counsel for the Plaintiff and the Defendant stipulated that the Amended Complaint did not state a cause of action under the Declaratory Decree Statute.”
The recitations in the other order of dismissal, which was made with prejudice, were as follows:
“This cause coming on to be heard on Defendant’s Motion to Dismiss, and counsel for the respective parties being before the Court, and informing the Court that plaintiff confesses the Motion to Dismiss, and it being stipulated that the Complaint be dismissed for the second time,
# * * ”