PER CURIAM.
In a prior declaratory judgment action, the appellants [as plaintiffs] suffered a dismissal with prejudice. This dismissal was the subject matter of a prior appeal in this court, found in Barnard v. Overstreet, Fla.App. 1972, 259 So.2d 517. In the concluding portion of said opinion, the following language is found:
"From the wording of the motion to set aside the prior order of dismissal it appears that plaintiffs’ main concern was over the fact that dismissal of the cause had been with prejudice. However, the dismissal of the amended complaint for failure to state a case for declaratory judgment was not a ruling on the merits of any dispute between the parties under the written instrument involved, nor would it operate to bar causes of action which might accrue to the parties thereto, other than apparently to preclude the plaintiffs from seeking declaratory judgment regarding their rights under the instrument.”
The instant action was an independent action, seeking damages under the written agreements. The order under review dismissed this damage action, allegedly upon the ground that the dismissal with prejudice in the prior declaratory judgment action was res adjudicatá. We disagree.
It is clear in the instant case, from the opinion rendered heretofore by this court, that a damage action was specifically approved. Therefore, the order of dismissal here under review be and the same is hereby reversed with directions to reinstate the matter for final hearing in the trial court.
Reversed and remanded, with directions.