# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1243
LT Case No. 2020-CA-006336

———————————————

BRYAN K. MICKLER,

    Appellant,

    v.

VICTORIA M. IIZUKA F/K/A
VICTORIA M. MICKLER AND CHIP
PARKER,

    Appellees.

———————————————

On appeal from the Circuit Court for Duval County.
Waddell Arlie Wallace, III, Judge.

Chris T. Harris, of Harris Trial Law, P.A., Jacksonville, for
Appellant.

Chip Parker, Salt Lake City, UT, pro se.

No Appearance for Remaining Appellee.

June 27, 2025

HARRIS, J.

    Bryan Mickler appeals the trial court's denial of his motion
for sanctions brought pursuant to section 57.105(1), Florida
Statutes, arguing, inter alia, that the court erred in finding it could

vacate a release of claims entered in a prior dissolution judgment between him and his former wife, Victoria Iizuka. We agree that the trial court erred regarding its legal basis for denying sanctions, and therefore reverse and remand for further proceedings.

Mickler and Iizuka were married in 2004. In 2008, Mickler's parents gave $110,000 to Mickler and Iizuka to apply towards the purchase of what would be called the "Sheffield Property." Mickler and Iizuka allegedly executed a promissory note and mortgage for the Sheffield Property securing the $110,000 borrowed from Mickler's parents.

In 2019, Mickler filed a petition for dissolution of marriage, and in January 2020, Mickler and Iizuka's marriage was dissolved pursuant to a Consent Final Judgment of Dissolution of Marriage ("Consent Judgment"). The Consent Judgment provided for equitable distribution of the Sheffield Property and equitable distribution of "all valid liens" on the property. It also contained the following provision (the "Release"):

> 12. **RELEASE AND DISCHARGE:** Except as expressly provided herein, each party is fully discharged from any claims, damages or causes of action each may have against the other, whether arising from the marital relationship or otherwise[.]

Six months after the divorce judgment was entered, Mickler's parents sent Iizuka a demand letter demanding payment of the note and mortgage, including interest and late charges. Iizuka then filed a verified complaint through her attorney, Chip Parker, against Mickler and his parents, asserting the following claims: (1) civil theft; (2) violation of Florida's Consumer Collection Practices Act (FCCPA); (3) civil conspiracy; (4) breach of fiduciary duty; (5) slander of title; (6) conversion; (7) quiet title; (8) declaratory relief; and (9) injunction. In her complaint, Iizuka denied that she executed the subject note and mortgage.

Mickler subsequently filed a motion for sanctions against Iizuka and her counsel pursuant to section 57.105, Florida Statutes. He argued Iizuka's claims were "demonstrably false" and

her counsel, Chip Parker, failed to exercise due diligence in researching the factual information and public records before filing the verified complaint. He also alleged that the complaint lacked legal merit because all of Iizuka's claims had been released pursuant to the Consent Judgment.

Mickler also filed a motion for summary judgment and supporting affidavit as to all counts against him in the complaint. Iizuka filed her response to the motion arguing that the court has jurisdiction to grant her relief from the Consent Judgment based on fraud and Florida Family Law Rule of Procedure 12.540(b)(3), and that because the court was able grant her relief from the Consent Judgment, she has not released her claims.

Attorney Parker filed his response to Mickler's motion for sanctions. At a hearing on the sanctions motion, Parker testified that when he began representing Iizuka, he believed that Mickler's parents had forged her signature on the note and mortgage. Parker further acknowledged that on December 11, 2020 (which was during the 21-day "safe harbor" period of section 57.105(4)), he filed a limited appearance in the 2019 dissolution proceeding as counsel of record for Iizuka and withdrew the only rule 12.540(b) motion that was pending before the family court seeking to relieve Iizuka from the 2019 Consent Judgment. Thus, there was no pending motion for relief in the civil litigation or the family law litigation seeking relief from the Consent Judgment. Parker further acknowledged that he did not request in the civil complaint for the court to set aside the Consent Judgment or invalidate the Release. Parker added that it was his legal opinion that the court had the authority to set aside the Consent Judgment, thereby setting aside the Release, if it found Iizuka's allegations to be credible.

The court ultimately denied Mickler's motion for sanctions, explaining:

> [Mickler] raised these same legal arguments in his Motion for Summary Judgment dated May 26, 2021. After a hearing, this Court entered its Order Denying Defendant's Motion for Summary Judgment on August 17, 2021, ruling

that if this Court found [Mickler] engaged in fraudulent conduct during the parties' divorce, (a) it has the authority to set aside the release provision of the parties' consent judgment of dissolution under Rule 12.540(b), Florida Family Law Rules of Procedure . . . .

This appeal followed.

This Court reviews a trial court's denial of attorney's fees under section 57.105(1) for an abuse of discretion. *See S. Wild Olive, LLC v. Total Maint. Servs., LLC*, 387 So. 3d 1254, 1257 (Fla. 5th DCA 2024). However, to the extent the court's rulings were based on issues of law, our review is de novo. *Id.*

On appeal, Mickler raises three arguments to support his contention that the court erred in denying his motion for sanctions: (1) the Release contained in the Consent Judgment barred Iizuka's claims; (2) the court could not provide relief to Iizuka by vacating the Consent Judgment under rule 12.540; (3) and Iizuka's claims were barred by judicial estoppel. We find merit in the first two arguments.

Initially, we agree with Mickler that the filing of a complaint asserting claims that are clearly subject to a release has been held to be sanctionable conduct. *See Ensign Bank, F.S.B. v. S. Fla. Warehousing II*, 582 So. 2d 165, 166 (Fla. 4th DCA 1991). As the Release from the Consent Judgment was attached to the complaint, Iizuka and Parker were both aware of the Release when they filed the complaint. Additionally, Mickler's motion to dismiss and motion for sanctions further put Parker on notice of Mickler's position that the complaint was without basis in law given the existence of the Release.

We find that under the circumstances of the case, the trial court incorrectly accepted Parker's argument that it had the ability to provide relief from the Consent Judgment. *See Bane v. Bane*, 775 So. 2d 938, 941 (Fla. 2000) ("[W]hen relief from a judgment is sought by a rule 1.540 motion, the motion is filed in the action in which the judgment was rendered."). Specifically, there was no claim or motion filed by Iizuka to set aside the

4

Consent Judgment in the civil action and Parker's withdrawal of the rule 12.540(b) motion in the 2019 dissolution proceeding prevented the family law judge from ruling on that motion.

The purpose of section 57.105 is to deter meritless filings and streamline the administration and procedure of the courts. *See Mullins v. Kennelly*, 847 So. 2d 1151, 1154 (Fla. 5th DCA 2003). Section 57.105 allows recovery of fees for any claims that are unsupported. *See MC Liberty Express, Inc. v. All Points Servs., Inc.*, 252 So. 3d 397, 403 (Fla. 3d DCA 2018). Section 57.105 provides, in pertinent part:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

§ 57.105(1), Fla. Stat. (2021). Mickler's motion for sanctions was brought pursuant to both section 57.105(1)(a) and (1)(b), referencing the reasons stated in his prior motion to dismiss (that the claims were precluded by the Release and judicial estoppel). On appeal, Mickler only challenges the legal merit of the claims (pursuant to subsection (1)(b)) rather than the material facts (pursuant to subsection (1)(a)), and thus, he primarily challenges the trial court's denial of fees as it pertains to attorney Parker, rather than Iizuka. *See Davis v. Bailynson*, 268 So. 3d 762, 767 (Fla. 4th DCA 2019) (holding that under 57.105(1)(b), only a party's attorney may be ordered to pay attorney's fees pursuant to

5

section 57.105(3)(c)). As to entitlement to fees under section 57.105(1)(b), Mickler argues Parker should have known that the claims were legally barred due to the Release in the Consent Judgment and the lack of a rule 12.540(b) or 1.540(b) motion challenging or vacating the consent judgment and thus the Release.

As previously noted, Parker attached the Consent Judgment, which contained the Release, to the complaint that he filed on Iizuka's behalf. He was therefore on notice that the Release existed. Although there was at the time a pending rule 12.540(b)(3) motion in the family law case, Parker withdrew that motion during the 21-day safe harbor period from service of the sanction motion. Accordingly, the Release was unchallenged by a rule 12.540 motion and valid at the time of the sanctions motion. Additionally, a motion under rule 12.540 "does not affect the finality of a judgment or suspend its operation." *See* Fla. Fam. L. R. P. 12.540(b).

In its ruling, the court mistakenly concluded that it had jurisdiction to vacate the Consent Judgment pursuant to rule 12.540(b). Because there is established binding law from the supreme court providing that a motion under either rule 12.540(b) or 1.540(b) must be brought in the same court that entered the judgment being challenged, the Consent Judgment was unchallenged in the family law court and thus remained valid at the conclusion of the safe harbor period. Thus, Parker arguably should have known that the claims he filed on behalf of Iizuka against Mickler were precluded by the Release which was attached to the complaint.

The trial court should have considered the motion for sanctions with the understanding that the Release may have barred the claims against Mickler and that the court was without authority to set aside the Release and Consent Judgment pursuant to rule 12.540. "Where the language of the release is clear and unambiguous" a court "cannot indulge in construction or interpretation of its plain meaning." *Plumpton v. Cont'l Acreage Dev. Co., Inc.*, 830 So. 2d 208, 210–11 (Fla. 5th DCA 2002) (holding release that provided "each of the parties do hereby release each other from any and all liabilities and claims for the beginning of the world to the days present" was clear and unambiguous and

6

related to claims that matured at the time of the release including those unrelated to the litigation that resulted in the release); *see also Cerniglia v. Cerniglia*, 679 So. 2d 1160, 1164 (Fla. 1996).

However, the court did not make a determination as to whether the claims against Mickler were indeed subject to the Release and whether Parker had a good faith basis to bring the claims despite the Release and the court's inability to set aside the Consent Judgment under rule 12.540. Therefore, we reverse and remand for further proceedings as to whether the Release precluded Iizuka's claims against Mickler and as to Parker's decision to nevertheless bring the claims against Mickler. *See Green v. Callahan*, 664 So. 2d 21, 23 (Fla. 4th DCA 1995) (reversing and remanding for further proceedings after finding release agreement was not clear and unambiguous as to whether it included stockholders—which was a question of fact to be determined by trier of fact—and thus trial court erred in awarding attorney's fees under section 57.105 based on existence of the release); *see also O'Hair v. O'Hair*, 396 So. 3d 630, 634 (Fla. 6th DCA 2024) ("Since the trial court failed to address these arguments . . . some of which require fact finding, we decline to decide these issues in the first instance." (citing *Akers v. City of Miami Beach*, 745 So. 2d 532, 535 (Fla. 3d DCA 1999) (explaining appellate courts "should not ordinarily decide issues not ruled on by the trial court in the first instance"))).

REVERSED and REMANDED.

EDWARDS, C.J., and LAMBERT, J., concur.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

7